J. Irwin Shapiro, J.
Motion “ for an order granting the above-named defendant permission to inspect the grand jury minutes and the testimony upon which the indictment herein was founded, or in the alternative for an order dismissing the indictment against the defendant charging him with the crime of possession of a dangerous weapon as a felony, upon the grounds that the evidence before the grand jury upon which the said indictment was based was insufficient in law to warrant the finding of same ”.
The defendant has been indicted and charged with possessing a dangerous weapon as a felony, to wit, a pistol. The crime charged is made a felony by reason of the defendant’s prior conviction of petit larceny.
It appears from the testimony before the Grand Jury that at about 7 o’clock or 7:30 in the morning the defendant came into his house and he threw his pants over a chair and fell asleep. His wife, who was the first witness before the Grand Jury, testified that she went through his pockets for money, because he was supposed to have gotten paid, and she found the gun, which is the subject matter of the indictment in this case. She first took it, wrapped it up and put it in a drawer, but then getting nervous brought it across the hall to her sister, who also was afraid to have anything to do with it, whereupon the defendant’s wife put it on top of a closet.
While she was out shopping her sister called their father, a transit policeman, and gave him the gun.
He questioned the defendant about it and was told that the defendant had broken up a fight in a bar and grill, where he *1016 tended bar the night before, and while doing so observed the gun in the pocket of one of the men; that he took the gun away and put it in his own pocket and chased the two men.
It is apparent from the recitation of the substance of the testimony before the Grand Jury that the initial disclosure of the gun came from the wife of the defendant. In my opinion, that testimony was illegally presented to and received by the Grand Jury.
•Section 2445 of the Penal Law provides: ‘ ‘ The husband or wife of a person indicted or accused of a crime is in all cases a competent witness, on the examination or trial of such person; but neither husband nor wife can be compelled to disclose a confidential communication, made by one to the other during their marriage.”
The words ‘ ‘ confidential communication ’ ’ in the foregoing section ‘ ‘ means more than mere oral communications or conversations between husband and wife. It includes knowledge derived from the observance of disclosive acts done in the presence or view of one spouse by the other because of the confidence existing between them by reason of the marital relation and which would not have been performed except for the confidence so existing. An act may communicate knowledge to the known observer and repose a confidence in him as clearly and unmistakably as if accompanying descriptive words were uttered.” (People v. Daghita, 299 N. Y. 194, 198-199.)
In the Daghita case the defendant was charged with grand larceny and criminally concealing and withholding stolen property. The stolen property had been brought into the home of the defendant and his wife by the defendant. She was called as a witness by the People, and, over the objection and exception of the defendant, was permitted to testify to her observance with regard to the defendant bringing the articles into their home.
In reversing the judgment of conviction, because of the admission of the wife’s testimony, in violation of the provisions of section 2445 of the Penal Law, the court not only made the observations above set forth, but also said: ‘ ‘ Certainly, the wife’s knowledge gained by observance of defendant’s conduct in bringing home stolen property in the early morning hours and storing it in different parts of the house and more particularly under his bed was the result of a confidential communication on his part. It cannot be supposed that the defendant would have so conducted himself except in reliance upon the free and unrestrained privacy of the marital relation and the socially desirable confidence which exists, and should exist, *1017 between husband and wife. The record makes plain that defendant made no effort to conceal or disguise his conduct at his home from his wife. He was, in a word, confiding in her the information disclosed by his conduct. ‘ Its nature, and the relation of the parties, forbade the thought of its being told to others, and the law stamped it with that seal of confidence which the parties in such a situation would feel no occasion to exact.’ (Warner v. Press Pub. Co., 132 N. Y. 181,186.) Clearly, if defendant had told his wife that he was bringing home goods from Montgomery under the circumstances disclosed here, she could not have been compelled to testify as to such statement over his objection. (People v. Wood, 126 N. Y. 249, 271.) That being so, she may not be compelled to testify to conduct transpiring in her presence in the home which clearly, though not orally, communicated the same fact to her.” (People v. Daghita, 299 N. Y. 194, 199.)
If it be urged in this case that the testimony of the wife was freely given before the Grand Jury, and assuming that to be the fact, the privilege provided by section 2445 of the Penal Law to the effect that neither husband nor wife may be compelled to disclose a confidential communication made by one to the other during the existence of the marriage relationship belongs not only to the testifying spouse but also to the spouse against whom the testimony is offered (People v. Melski, 10 N Y 2d 78; People v. McCormack, 278 App. Div. 191; People v. Wood, 126 N. Y. 249, overruling People v. Lewis, 62 Hun 622, op. in 16 N. Y. S. 881).
In view of the fact that the indictment in this case rests upon the primary disclosure, by the defendant’s wife, of a confidential communication, to wit, the act of the defendant in bringing the gun into the home, and since ‘ ‘ such testimony would have to be excluded on the trial if objected to * * * it was improper to present it to the Grand Jury ’ ’ because that body may receive none but legal evidence (Code Crim. Pro., § 249).
Under the circumstances the motion is granted to the extent of dismissing the indictment.