Martin M. Kolbrener, J.
This is a motion to suppress the use of a pistol on the trial of an indictment accusing the defendant of the crime of criminally possessing a loaded firearm. It appears from the testimony at the hearing before me, that upon the complaint of the wife of the defendant, a police officer called at the home of the defendant and was told of an allegedly stolen automobile.
Before the policeman gave evidence of the conversation with the wife, defendant’s counsel objected to any such testimony on the ground that the evidence was inadmissible under section 2445 of the Penal Law which, inter alia, provides: “neither husband nor wife can be compelled to disclose a confidential *48 communication, made by one to the other during their marriage.” The testimony was received by me subject to the objection and a motion to strike.
The wife told the policeman that it was her husband who had probably taken the ear and she was reporting the missing car as stolen because they had been ‘ fighting all night and I want to keep him out of the house ”. She then told the police officer that her husband had a pistol concealed in the house and she produced it for the policeman.
There is no doubt that were she on the witness stand, during the trial of the indictment, her testimony that her husband illegally possessed a gun would be inadmissible because it is a “ confidential communication ” under section 2445 of the Penal Law. (People v. Daghita, 299 N. Y. 194, 198, 199; Warner v. Press Pub. Co., 132 N. Y. 181, 186; People v. Wood, 126 N. Y. 249.) The privilege inures to the benefit of not only the testifying spouse but also to the other against whom the testimony is offered. (People v. McCormack, 278 App. Div. 191; People v. Wood, supra. See opinion of Shapiro, J. in People v. Sullivan, 42 Misc 2d 1014.)
The District Attorney, however, argues that it is not the wife’s testimony which is offered, but the testimony of a police officer, “as to what the wife said to him and what the wife gave him. True, this would be hearsay * * * but we are dealing with a hearing on the validity of a seizure, and e * * both the federal rule and this state’s rule admit hearsay on a hearing of this type.” Before Mapp v. Ohio (367 U. S. 643), the rule in New York was that evidence was admissible even if obtained by unconstitutional methods (People v. Defore, 242 N. Y. 13.) Mapp, however, held that evidence obtained in violation of the Fourth Amendment to the United States Constitution is inadmissible. The court came to that decision to preserve the sanctity of the Constitution and as a deterrent to the illegal acts of police officers. “ Only last year the Court itself recognized that the purpose of the exclusionary rule ‘ is to deter — to compel respect for the constitutional guaranty in the only effectively available way — by removing the incentive to disregard it.’ Elkins v. United States, supra, at 217.” (Mapp v. Ohio, 367 U. S. 643, 656, supra.) Here, however, we have no overreaching by the police, no trespassing on the security of the home or the person as in Mapp. We have here no violation of the constitutional rights of her husband. True, there was a conversation or communication by the wife which, if offered in a law court, would be inadmissible (Penal Law, § 2445). The testimony of the police officer, although hearsay, is not inadmissible (Draper *49 v. United States, 358 U. S. 307; People v. Coffey, 12 N. Y. 2d 443). However, because her disclosure to the policeman may be illegal in a courtroom, it is not in a class with the acts prohibited by the Unreasonable Search Amendment of the United States Constitution. Here we are dealing with a rule of evidence as promulgated by the Legislature.
In Jones v. United States (362 U. S. 257, 261) the court said: “ The restrictions upon searches and seizures were obviously designed for protection against official invasion of privacy and the security of property. They are not exclusionary provisions against the admission of kinds of evidence deemed inherently unreliable or prejudicial. The exclusion in federal trials of evidence otherwise competent but gathered by federal officials in violation of the Fourth Amendment is a means for making effective the protection of privacy.” (Emphasis mine.)
Now, it is further argued by defendant, that the wife had no right to give the gun to the policeman and her consent to give up the gun was not voluntary; that she had no dominion over the cabinet where gun was kept so as to authorize her removal of the gun. This argument does not impress me. The cabinet was not an inviolate island within the home. The key was, in fact, left home by the defendant to be used. I find as a fact that the wife had access to the liquor cabinet where the gun was kept. Such niceties of distinction as defendant seeks to make do not impress me. This was home to her as to her husband. The key to the cabinet was left home. She was never refused access. (People v. Calissi, N. Y. L. J., Aug. 6,1965, p. 10, col. 1 [Nassau County Ct.].)
The argument that her communication to the police was not voluntary but a submission to police authorities is untenable and does not impress me either. It was she who volunteered (in the true sense of the word) the information about the gun. In her state of mind that night she was so anxious to have her husband arrested, she wanted him arrested for using the family car and when that did not work she turned him in to the police on the gun charge. This was a voluntary act and is not to be confused with submission to police authority cases. (Johnson v. Zerbst, 304 U. S. 458; Channel v. United States, 285 F. 2d 217.) It may be true that nobody loves an informer but I find no law against it. The objection to the policeman’s testimony is overruled, his testimony is received in evidence and it is therefore
Ordered, that the motion to suppress is denied.