J. Irwin Shapiro, J.
This is a motion by the defendant “ for an order dismissing the indictment in the furtherance of justice pursuant to Section 671 of the Code of Criminal Procedure and for an order to transfer this matter to the Family Court pursuant to Sections 812 and 813 of the Family Court Act and for an order to dismiss the indictment or in the alternative to inspect the Grand Jury Minutes.”
The defendant stands indicted for the crimes of sodomy in the first degree, assault with intent to commit sodomy (two counts) and carnal abuse of a child. All of the crimes are alleged to have been committed upon the defendant’s natural daughter.
The defendant’s wife testified before the Grand Jury that when she came home she found the defendant committing the crimes for which he has been indicted. The defendant contends that his wife should have been barred from testifying to what she observed because access to the defendant’s home was afforded to her only by reason of the marital and confidential relationship existing between them. This contention is entirely devoid of merit.
Section 2445 of the Penal Law provides: “ The husband or wife of a person indicted or accused of a crime is in all cases a competent witness, on the examination or trial of such person; but neither husband nor wife can be compelled to disclose a confidential communication, made by one to the other during their marriage.”
In People v. Sullivan (42 Misc 2d 1014, 1016) I said: “ The words ‘ confidential communication ’ in the foregoing section means more than mere oral communications or conversations between husband and wife. It includes knowledge derived from the observance of disclosive acts done in the presence or view of one spouse by the other because of the confidence existing between them by reason of the marital relation and which would not have been performed except for the confidence so existing. An act may communicate knowledge to the known observer and repose a confidence in him as clearly and unmistakably as if accompanying descriptive words were uttered.’ (People v. Daghita, 299 N. Y. 194, 198-199.) ”
*356 An inspection of the Grand Jury minutes reveals however that what the wife saw and testified to did not come about as a result of the defendant’s allowing her to participate as an observer because of his reliance upon their marital relationship but rather that it was a result of the wife’s unexpected appearance on the scene at the time of the defendant’s commission of the crimes (cf. People v. Oyola, 6 N Y 2d 259).
The reason for the statutory rule that one spouse may not testify to the other’s confidential communication is “to protect and strengthen the marital bond ’ ’ (Poppe v. Poppe, 3 N Y 2d 312, 315), but in this case there was no confidential communication within the accepted meaning of this statutory evidentiary rule since the act to which the wife testified was not disclosed —(communicated) to her by reason of the marital relationship (People v. Melski, 10 N Y 2d 78, 80).
To accept the defendant’s contention' in this regard would mean that a spouse could not testify to any acts which she saw her husband committing even though the observance was purely fortuitous and was not the result of reliance by the other spouse on the confidential marital relationship. Such is not the rule New York (People v. Melski, supra).
Under the circumstances the wife’s testimony was not taken in violation of the defendant’s statutory rights.
The defendant next contends that since the incident is one involving ‘ ‘ all members of the family ” it “ requires the care and custody of the Family Court Services and personnel” as provided for by sections 812 and 813 of the Family Court Act, and that this court should dismiss the indictment and send the case to the Family Court.
Insofar as material, section 812 and section 813 of the Family Court Act respectively provide that:
‘ ‘ The family court has exclusive original jurisdiction, subject to the provisions of section eight hundred thirteen, over any proceeding concerning acts which would constitute disorderly conduct or an assault * * * between parent and child”. (§ 812; emphasis supplied.)
“ Any criminal complaint charging disorderly conduct or an assault * * * between parent and child * * * shall be transferred by the criminal court, not more than three days from the time the complaint was made, to the family court in the county in which the criminal court is located, unless
“ (i) the complainant withdraws the complaint not later than three days from the time it was made; or
“ (ii) the family court had transferred the proceeding to the criminal court; or
*357 “ (iii) the complaint is dismissed for legal insufficiency.
‘ ‘ (b) The phrase ‘ criminal complaint ’ as used in this article includes an information.” (§ 813; emphasis supplied.)
The legislative purpose in enacting this statute was to provide for basic family difficulties, encompassed within the offense of disorderly conduct or the crime of assault, to be treated in the Family Court instead of in a criminal court. The statute represents an enlightened effort to have family disputes treated in a court structurally equipped to afford practical help to the members of a family, recognizing that procedures which tend to keep the family unit intact are preferable to penal procedures.
While there are divergent views as to whether in a case covered by the statute, proceedings must be first commenced in the Family Court (People v. De Jesus, 21 A D 2d 236 [4th Dept.]) or whether proceedings may be initially instituted in a criminal court and then, if appropriate, transferred to the Family Court (People v. Radison, 40 Misc 2d 1063), the facts here do not require a resolution of that conflict.
Clearly the statute does not cover the crime of sodomy; it is limited by its terms to the offense of disorderly conduct and the crime of assault when they occur within the family unit. This court has no power to enlarge the statute by adding to its dimensions crimes not covered therein. If the Legislature had intended to vest power in the Family Court to entertain other crimes when committed against each other by members of the family unit, it would have said so.
The motion is denied for lack of power.