Jack Rosenberg, J.
Defendants attack the search warrant issued herein as defective on the ground that it does not sufficiently describe or identify the persons to be searched, and seek to suppress the evidence resulting from the search made thereunder.
The search warrant was issued on an affidavit which is eoncededly sufficient. This affidavit describes the premises to be searched as “Apt. #8” at 20 West 109th Street, New York City, and the persons to be searched as follows:
“ Jane Doe, * * * Female, Negro, 40 to 45 years of age, approximately 5'6" 125 lbs. wearing Blk. raincoat, Black kerchief covering her head, & sunglasses.”
“ John Doe, a male Negro 45 to 50 years of age app. 6' tall weighing appr. 185 lbs. Wearing G-rey overcoat and olive Cap.”
“ J ames Doe, a male negro 5'8" in height app. 200 lbs in weight being slightly bow legged, wearing a leather apron over his clothing. ’ ’
The affidavit was immediately upon issuance filed with the Clerk of the court. In actual practice, if the executing officer is the same person who made the affidavit, he is of course familiar with its contents, and if the executing officer is not the same person who made the affidavit he may inspect or copy such portions of the affidavit as he deems appropriate.
In this case the warrant specifically refers back to the affidavit for a precise description of the persons to be searched as follows: “Jane Doe, John Doe, James Doe (Fictitious names, true names unknown) all described in paragraph #3 on page #1 of Affidavit for Search warrant ”,
The affidavit on which the search warrant issued, is in the warrant specifically identified as the “ affidavit * * * having been made this day before me by Det. Patrick Williams Sh. #2631 24th Sq.”
Where, as in this case, the affidavit precisely describes the premises to be searched, and precisely describes the contraband, the warrant is sufficient even if it be assumed that the persons to be searched are not in the warrant sufficiently described. (People v. Hendricks, 45 Misc 2d 7.) This is especially so where the warrant refers back to the affidavit for a precise description of the persons to be served.
In the Hendricks case it is said (p. 10), “No case has been found which permits a search warrant to be supplemented by reading into it averments in the supporting affidavit, but, interpreting the requirement of warrant specification for what it is intended to be — a notice to the defendant of what the police have a right to search for and seize, I am holding that where *674 the search warrant specifies contraband, though only through the medium of a Penal Law section, and the supporting affidavit describes what that contraband is, the two of them may be read together to determine what is, in fact, covered by the search warrant and what, therefore, may be searched for and seized. Such a holding, though not literally within the language of the wording of the two Constitutions, gives a defendant all the protection which he was intended to have and yet permits justice to be done to the people at large. Common sense should not be sacrificed to a wooden interpretation of words when the true meaning1 of what the Constitution intended to achieve can be accomplished without trespassing upon individual rights. Sinister coloration should not be ascribed to a procedure which is basically reasonable and which does not treat the search warrant as existing in a vacuum but recognizes it as part and parcel of the affidavit upon which it rests.”
The rationale for requirement in the warrant of a description of the person to be searched is to prevent general search. (Marron v. United States, 275 U. S. 192.) There is a presumption that the executing officer is to properly perform his function, and unless authorized by the warrant, he would not make general search. The warrant when read together with the affiidavit, so precisely identifies the persons to be searched, that a general search was not to be expected, or undertaken.
There is no proof before me that the executing officer was not aware of the precise description of the persons to be searched. There is an absence of proof that the executing officer had not seen the affidavit, nor indeed that he did not have a copy of the affidavit on his person when executing the warrant.
The cases cited by the defendants are inapplicable for various reasons. In People v. Rainey (14 NY 2d 35) the warrant was vacated only because the officer when applying for the warrant, knew that at the premises there were two apartments, but led the court to believe there was only one apartment. In People v. Coletti (39 Misc 2d 580) the description in the warrant of the property to be searched differed materially from the description in the affidavit, and to some extent there- was inconsistency between the descriptions. The other cases cited by the defendants are so clearly inapplicable as not to require discussion.
The defendants’ motion is in all respects denied.