FACTS
Frank P. De Luca, J.
A Suffolk County police officer received what is commonly known as a “ disturbance call, ’ ’ and proceeded to the address of the defendant, was admitted by a woman allegedly the wife of the defendant and, as a result of a conversation between the police officer and the woman, a search *425 of the premises was made, wherein a gun and shells were discovered under the bed of the defendant.
Upon the hearing, objections were made as to any conversations made as and between the police officer and the woman that would give rise to consent for a search of the premises which is ordinarily allowed where a relationship of husband and wife exists.
The sole question present here is whether the police officer who was the sole witness at the hearing should be permitted, over the objections of defense counsel, to testify as to what the defendant’s wife said to substantiate her consent to the search.
DECISION
“ It has been consistently held that consent to a search may be operably given by a person other than the defendant, who occupies the premises searched, or who has possession of the property seized, and the items thus obtained are admissible against the defendant ” (People v. Kortwright, 236 N. Y. S. 2d 385, 388).
In Roberts v. United States (332 F. 2d 892) the court held a wife could effectively consent to a search of premises owned jointly by herself and her husband, and that the product of the search was admissible in evidence in a criminal prosecution against the husband.
In State v. Coolidge (106 N. H. 186) defendant had been arrested for larceny. The police went to defendant’s house, and asked his wife if there were any guns'in the house; (the police had no warrant at the time). The wife said that there were guns in the house and took the police to a closet and showed the guns to them. In its decision, the court held that: There was no search and seizure of the guns. A search is a quest. A seizure is a forcible dispossession. The wife was living with her husband and she was entitled to occupy the premises. She was co-operating with the police when she voluntarily handed the guns to them. There is no violation of the Constitution.
“ Consent to a search is clearly implied from the giving of the clear, concise and explicit information to the police ” (Rice v. Warden, 237 F. Supp. 463).
In Kelley v. State (184 Tenn. 143) a husband and wife had quarrelled and she called the police. There, the court said her obvious hostility barred her consent. However, see People v. Helmus (50 Misc 2d 47)-where wife was also obviously antagonistic, but her consent was not barred.
While the established law is not the gravamen of the objections made by counsel for the defense upon the hearing, this *426 court wishes to set forth what the law is with respect to searches and seizures on the consent by a wife.
A hearing on a motion to suppress requires substantial formality; except for purposes of showing probable cause, hearsay is not admissible (People v. Entrialgo, 19 A D 2d 509, affd. 14 NY 2d 733).
In the case at bar there is testimony that pursuant to a telephone call or teletype, a police officer proceeded to the home of the defendant. It must be conceded that the investigation of the arresting officer must provide the basis for the arrest.
Hearsay evidence must be used to substantiate probable cause for a warrantless arrest (McCray v. Illinois, 386 U. S. 300), and the underlying circumstances from which a wife informs investigating police officers that there was a gun and ammunition under a bed must be disclosed in order that its significance, particularly with respect to probable cause, may be evaluated. Certainly, the reasons for the appearance of the police officer at the premises must have weight attached in determining probable cause.
Accordingly, motion to suppress is denied.