Thomas Dickens, J.
In this motion to controvert a search warrant and to suppress the evidence obtained by means of the warrant, a hearing was held at which time the People produced, inter alia, evidence that I consider to be particularly somewhat devastating in quality.
The hearing, by stipulation of the parties, covered the two indictments involved herein, Indictment No. 1809 and Indictment No. 2281.
Briefly stated, without extending this opinion, the proof shows, with respect to the foregoing phase of the evidence,. that on March 24, 1969, at 2:30 p.m., the defendant, without ‘ ‘ bulges ’ ’ on his person, was seen by a detective, entering apartment 2E of premises 670 East 176 Street, with the aid of a key. The apartment was, by reason thereof, kept under surveillance until 6:05 p.m., when the defendant finally emerged therefrom, with *731 “ bulges ” on Ms person, and then proceeded to Belmont Avenue. On Belmont Avenue, in an alleyway between two apartment houses, Nos. 1908 and 1910, the defendant was seen by the surveillant detective throwing three packages to the ground. At no time during this mobile surveillance were these packages lost sight of by the detective. These packages were soon retrieved by the detective and when they were opened later they were found to contain policy slips. The defendant was followed back to premises 670 East 176 Street, by the same surveillant detective.
The record reveals that the defendant had had several other arrests for gambling violations.
On March 25, 1969, the next day, a search warrant was obtained from the Criminal Court and on that day apartment 2E ' of 670 East 176 Street was entered by the police and the defendant was thereupon placed under arrest. The police saw and seized other slips together with paraphernalia found in the apartment.
The whole point of the case turns on tMs-: Is this phase of the proof, together with the other proof in the record, potent enough in law to sustain the validity of the search warrant?
The defendant maintains that the warrant was issued without probable cause because the affidavit in support thereof had been issued on sworn statements by a detective who had gained knowledge of these facts not by ocular means but from the mouth of another detective working in co-operation with the affiant; therefore, he contends, such statements, not being based on direct evidence, were hearsay and not admissible. In other words, the affiant’s role was in the nature of an intermediate witness.
The District Attorney takes a contrary stand concermng the challenge directed at the warrant and the concomitant search and seizure.
Another point raised by the defendant is this: Because the supporting affidavit failed to allege that the defendant had entered the apartment with a key, such omission should have barred the people from adducing evidence of such a fact at the hearing.
My view regarding the over-all picture furnished by the evidence is that the defendant’s contentions fall short of being forceful enough to be accommodated to the rules and the principles laid down by the courts, as we shall see from the citations that follow, thereby providing the District Attorney with the legal leverage that, in effect, has influenced me in favoring his position on the issues.
*732 REASONABLE AND PROBABLE CAUSE
In People v. Lombardi (18 A D 2d 177, 180, affid. 13 N Y 2d 1014), the court speaks of reasonable cause in this language: “Reasonable cause in this context is equated with ‘probable cause,’ as the term is used in the Fourth Amendment (Draper v. United States, 358 U. S. 307, 310). It has been interpreted to mean such reasonably trustworthy information as would warrant a man of reasonable caution to believe that the defendant was guilty of the commission of crime (Carroll v. United States, 267 U. S. 132, 162). It is not a mechanical standard of legal proof, applied with the rigidity and nicety of a highly specialized technique. ‘ In dealing with probable cause, however, as the very name implies, we deal with probabilities. These are not technical; they are the factual and practical considerations of every-day life on which reasonable and prudent men, not legal technicians, act ’ (Brinegar v. United States, 338 U. S. 160, 175).”
Another point of view is the classic statement of probable, or reasonable, cause as expressed by Chief Justice Marshall in Locke v. United States (7 Cranch [11 U. S.] 339, 348): “It may be added, that the term ‘ probable cause, ’ according to its usual acceptation, means less than evidence which would justify condemnation * * * It imports a seizure made under cir'cUfnstances which warrant suspicion” (italics supplied). (Henry v. United States, 361 U. S. 98, 102; Brinegar v. United States, supra; Carroll v. United States, supra, p. 162; Dumbra v. United States, 268 U. S. 435.)
QUANTUM OF PROOF UNDER SUPPRESSION MOTION
The court in People v. Lombardi (18 A D 2d 177, 181, supra) also noted, regarding a motion to suppress, the following: “ In demonstrating reasonable cause, the prosecution is not required to supply evidence of guilt to the degree required at trial (Henry v. United States, 361 U. S. 98, 102; Carlo v. United States, 286 F. 2d 841, 848 [2d Cir.]).” (Italics supplied.)
NO PROOF BEYOND REASONABLE DOUBT
About the extent of proof upon the question of probable cause for arrest and search, the question is not one of proof beyond a reasonable doubt required for conviction but one of reasonable grounds or probable cause for making a search, that is, “ observations or information sufficient to move a reasonable man to *733 conclude that a crime is being committed or attempted ” (People v. White, 16 N Y 2d 270, 273; see, also, Carroll v. United States, 267 U. S. 132, supra; Dumbra v. United States, 268 U. S. 435; People v. Marshall, 13 N. Y. 2d 28).
HEARSAY ADMISSIBLE IK PROBABLE CAUSE ISSUE
Hearsay is admissible on the issue of probable cause (People v. Loria, 10 N Y 2d 368; People v. Helmus, 50 Misc 2d 47; People v. Hendricks, 25 N Y 2d 129, infra).
PROBABLE CAUSE FOUKDEO OK SURVEILLAKOE
The act observed by the officer during his surveillance of the defendant, together with the information which the officer had concerning the defendant’s prior activities, were sufficient to give him probable cause for believing that a crime had been committed and that the defendant had committed it (People v. Brady, 16 N Y 2d 186).
Compare the facts here regarding the discarding of the contraband in the alleyway and the subsequent finding of contraband in the apartment, with the facts in People v. Burke (25 A D 2d 691), as reflecting on the situation at bar.
HEARSAY (affidavit)
See United States v. Ventresca (380 U. S. 102; cited in People v. Rogers, 15 N Y 2d 422, 425, infra), where the factual conclusions of the affidavit were based in part on observations by the affiant (Federal investigator) and in part on information received from another unnamed Federal investigator. In the case at bar, the affiant officer had received information from a co-operating brother officer, in addition to whatever his own knowledge of the affair may have been.
DISCARDED COKTRABAKD
No question of search was involved when the police obtained possession of contraband after having been discarded by the defendent (People v. Lopez, 22 A D 2d 813, adopted in People v. Burke, 25 A D 2d 691, supra), nor when what was open and patent either in daylight or artificial light (People v. Hoffman, 24 A D 2d 497; People v. Lopez, supra; People v. Sullivan, 57 Misc 2d 208).
Where one abandons or discards property one cannot later complain because of subsequent seizure of the property by the *734 police and because of its subsequent use against him in court. (People v. Pittman, 14 N Y 2d 885; People v. Lopez, supra; People v. Cotton, 22 A D 2d 692; United States v. Zimple, 318 F. 2d 676, 678 [7th Cir.]; Henderson v. Warden, Md. Penitentiary, 248 F. Supp. 917, 924 [Md.].)
CREDIBILITY OF A POLICE OFFICER
The court in People v. Arthurs (24 N Y 2d 688, 693) had this to say with regard to a police officer’s word: “ It is not tenable that a police officer’s word should be so suspect, even in the sensitive area of search and seizure, that it may not be accepted unless corroborated like that of an accomplice criminal or complainant in a sex crime. Such corroboration is of course not required, any more than it was required in the Terry or Peters cases, where the preceding observations which justified the later searches and the arrests were solely those of the police officers (Terry v. Ohio, 392 U. S. 1, 5-7, 28, supra; Sibron v. New York [Peters v. New York], 392 U. S. 40, 48-49, 66, supra).” (Italics supplied.)
PRIOR ARRESTS
As a violator of the gambling law on several prior occasions, he was already well known to the police when arrested in this instance (see Jones v. United States, 362 U. S. 257).
PRIOR RECORD
Prior record is an element to be considered in determining a legal search (Carroll v. United States, 267 U. S. 132, supra).
WARRANT AFFIDAVIT (OMISSIONS THEREFROM)
Compare People v. Marshall (13 N Y 2d 28, supra) concerning the defendant’s contention that a key was not mentioned in the affidavit. The reasoning of a claimed fatal omission of a subject from the warrant affidavit was not upheld there. (Cf., also, People v. Sanchez, 53 Misc 2d 672; People v. Hendricks, 45 Misc 2d 7, affd. 30 A D 2d 640, revd. other grounds 25 N Y 2d 129.)
ENTERING PREMISES
Graining peaceable and legal admittance with search warrant into subject premises and in the absence of forcible entry is held to be good (White v. United States, 346 F. 2d 800, cert. den. 382 U. S. 1014).
*735 DOUBTFUL OB MARGINAL OASES
In a doubtful or marginal case a search under a warrant should be sustained (People v. Rogers, 15 N Y 2d 422, supra; People v. Alfinito, 16 N Y 2d 181; United States v. Ventresca, 380 U. S. 102, supra).
QUASHING OF SEARCH WARRANT
A search warrant need not be quashed on motion whenever there is sworn testimony disputing basic allegations on which it was granted (People v. Alfinito, supra). “ The burden of proof is on the person attacking the warrant (see United States v. Goodwin, 1 F. 2d 36; United States v. Napela, 28 F. 2d 898), and * * * that any fair doubt arising from the testimony at the suppressal hearing as to whether the affidavit’s allegations were perjurious should be resolved in favor of the warrant since those allegations have already been examined by a judicial officer in issuing a warrant ’ ’ (People v. Alfinito, supra, p. 186).
I find from the evidence as follows:
1. That the search warrant was properly issued.
2. That the proof preponderatingly supports the People with respect to the issuance of the search warrant.
3. That the defendant has failed in proof to controvert the legality of the search warrant.
The motion, therefore, brought to controvert the search warrant and suppress the evidence under indictment 1809/1969, and the motion brought to suppress the evidence under indictment 2281/1969, both motions being heard together by stipulation, are denied in every respect.