William W. Serra, J.
The defendant has been indicted and charged with commission of two separate burglaries and larcenies. Before any charge or indictment in this county, he was held in the county jail in Yates County on other charges. The District Attorney proposes to offer certain oral admissions made in the Yates County jail as evidence against him in both indictments. A motion is made to suppress the admissions and also to suppress a gun alleged to have been stolen in Indictment No. B-1639-S above.
On the evidence adduced at the suppression hearing, the court finds that after properly giving the warnings required by Miranda v. Arizona (384 U. S. 436) and without in any way in violation of CPL 60.45 as to conduct which would make the admissions involuntary, Investigator Tobin of the New York State Police questioned the defendant, and the defendant orally admitted certain involvements in the acts charged in both indictments.
The motion papers allege that the defendant prior to interrogation by Investigator Tobin was threatened with physical violence by a named Deputy Sheriff of Yates County and that under the duress of the Deputy Sheriff, he signed full confessions. The defendant testified as to these offenses *304 against Mm, and that in fear of his safety, he signed the confessions. He also testified that the Deputy Sheriff, in continuation of his intimidation, reminded him of the threat immediately before being questioned tiy Investigator Tobin and out of the presence of Investigator Tobin. The People did not produce the deputy at the suppression hearing. The court also finds that the defendant was held in custody in the Yates County Jail without counsel for a week between the two interrogations.
The burden of proof as to the admissibility of confessions and admissions in a criminal case is on the People to show their admissibility beyond a reasonable doubt. (People v. Huntley, 15 N Y 2d 72.) In view of completely uncontradicted testimony of the defendant, after notice in the moving papers that an alleged threat by a named police officer would be proved, the failure to produce such officer by the People will be viewed in the light that the version of the missing witness would not controvert such proof. (Noce v. Kaufman, 2 N Y 2d 347; People v. Moore, 17 A D 2d 57; People v. Valerius, 36 A D 2d 671.) The court therefore finds that the threat of physical violence to the defendant was in fact made and renewed and that the defendant was intimidated by it. The mere advice, however carefully given by the State Police Investigator pursuant to Miranda, cannot be deemed to dispel the fears of an 18-year-old boy under such circumstances. The People have failed to prove beyond a reasonable doubt that the admissions were freely and voluntarily given and particularly have failed to show that the taint of the threats testified to and uncontroverted has been overcome by the Miranda warnings alone on the facts produced in evidence. In such case, 1 ‘ a heavy burden rests on the government to demonstrate that the defendant knowingly and intelligently waived his privilege against self-incrimination and his right to retained or appointed counsel.” (Miranda v. Arizona, 384 U. S. 436, 475, supra).
The suppression motion as to the use of the gun in evidence presents substantially different problems. The sole evidence given in relation to the gun was testimony by Investigator Tobin that he was informed by the Steuben County Sheriff’s office that alleged stolen properties, including the gun, were turned over to the Sheriff’s department by the father of the codefendant, Steven Hurlburt, which gun was then given to Mr. Tobin by the Steuben County Sheriff’s department. The question then is as to the sufficiency of this hearsay evidence to sustain the admissibility of the gun.
*305 Under the former law, the New York Code of Criminal Procedure, no provision was enacted to allow the use of hearsay evidence in suppression motions. Section 813-c of the Code of Criminal Procedure, merely provided that, ‘1 the court shall hear evidence upon any issue of fact necessary to determination of the motion.” However, case law allowed hearsay evidence for the purpose of establishing probable cause for making an arrest and proving the validity of the seizure. (People v. Loria, 10 N Y 2d 368; People v. Malinsky, 15 N Y 2d 86; People v. Coffey, 12 N Y 2d 443, 452; People v. Schnitzler, 18 N Y 2d 457). Hearsay evidence was also allowed in reported decisions of the lower courts on the question of admissibility issues on suppression motions. (People v. Melvin, 58 Misc 2d 424; People v. Helmus, 50 Misc 2d 47.) The underlying reason for this relaxed evidentiary rule is the recognition that the purpose of a hearing to suppress evidence is not the determination of guilt or innocence but the ascertainment as to whether the police had lawful cause to take action which led to the arrest and seizure. (People v. Merola, 30 A D 2d 963, 964.) It would appear then that the purpose of the language of subdivision 4 of CPL 710.60, reading in part, 1 ‘ Upon such hearing, hearsay evidence is admissible to establish any material fact ’ ’, is to clarify and affirm the existing case law.
The ultimate burden of proof by a preponderance of the credible evidence in a suppression hearing rests with the defendant. The People are merely under the necessity of going forward in the first instance to show the legality of their procedure in obtaining the evidence. (People v. Malinshy, 15 N Y 2d 86, supra-, People v. Entrialgo, 19 A D 2d 509, affd. 14 N Y 2d 733; People v. Berrios, 28 N Y 2d 361.) Albeit the initial proof was by hearsay evidence, the People have shown as a material fact that there was no search at all. They have, in the first instance, gone forth with proof on the claim of unlawful search and seizure. The defendant has alleged in his moving papers the taking of the gun from the same residence but has offered no evidence on the subject. The owner is not involved in the allegations of crime and was available equally to the People and defendant under the process of the court. In failing to proceed with the available evidence, the defendant has failed to meet his burden of proof.
The admissions will be suppressed, the motion to suppress the use of the gun in evidence is denied.