■    THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ANDREW SOLER, Also Known as EDWIN ESTEVES, Respondent.—Appeal by the People, as limited by its brief, from so much of an order of the Supreme Court, Kings County, dated September 8, 1975, as granted the branch of defendant's motion which sought to suppress a certain weapon. Order reversed insofar as appealed from, on the law, and motion denied insofar as it sought to suppress the weapon. Based upon the information supplied to them and upon defendant's flight, the police officers were justified in attempting to stop and question him. Moreover, the discovery of a loaded gun in the immediate proximity of the defendant, when coupled with the officers' earlier observations, furnished the probable cause necessary for the arrest. Nevertheless, the Criminal Term suppressed the weapon on the ground that the People had failed to establish a sufficient connection between the defendant and the gun. This was error. The purpose of a suppression hearing is not to determine guilt or innocence, but to ascertain whether the police had lawful cause to take the action which led to the arrest or seizure

(see *People v Merola,* 30 AD2d 963; *People v Harrington,* 70 Misc 2d 303). Latham, Acting P. J., Cohalan, Rabin, Shapiro and Titone, JJ., concur.