Memorandum.
The judgment of resentence should be modified by reinstating the original judgment of the Criminal Court sentencing defendant to the custody of the Narcotic Addiction Control Commission upon his conviction of attempted possession of a hypodermic needle. Under the circumstances, including the time of night and the place, a construction area consisting largely of abandoned buildings where there had been numerous prior burglaries, the arresting officer had sufficient probable cause to arrest defendant and his companions, following the unsatisfactory response to his questions (People v. Rosemond, 26 N Y 2d 101). Thus the officer was warranted in the retrieval, and the admission of the hypodermic needle into evidence against the defendant was warranted (cf. People v. Baldwin, 25 N Y 2d 66, 70). In addition, there was sufficient evidence based on defendant’s admissions to both the- arresting officer and the examining physician, a recognized expert in the field, of the use of heroin for 6 to 12 months prior to his arrest and the examination of defendant following his arrest, corroborating these admissions, to find that defendant ivas in ‘ ‘ imminent danger of becoming dependent ” upon heroin. (Mental. Hygiene Law, § 201, subd. 2.)
Chief Judge Fuld and Judges Burke, Scileppi, Bergan, Breitel, Jasen and Gibson concur.
Judgment accordingly.