Jasen, J.
The defendant was arrested at about 7:30 p.m. on February 17, 1971, in the vicinity of 431 Ralph Avenue, Brooklyn, New York, by a patrolman who had been dispatched to that location to make a “ notification ” to a person living there. Upon leaving the building, the officer observed the defendant carrying a crowbar and an automobile battery, the cables of which appeared torn. The patrolman then stopped the defendant and asked whether he owned the battery, to which he replied, “ Yes ”. The defendant was then asked whether he owned the crowbar, to which he again answered, “ Yes ”. The officer then arrested the defendant purportedly for the possession of a burglar’s tool and the possession of stolen property. In searching *174 the defendant incident to the arrest, the officer found one hypodermic needle, one syringe, one bottle cap, and an unspecified quantity of a drug suspected to be heroin. The defendant was subsequently charged with criminal possession of a dangerous drug in the sixth degree (Penal Law, § 220.05) and criminally possessing a hypodermic instrument (Penal Law, § 220.45). No charges were filed with respect to possession of the crowbar or the battery.
The Criminal Court of the City of New York granted defendant’s motion to suppress the heroin and the narcotics paraphernalia. The Appellate Term reversed, holding that the officer had probable cause to arrest the defendant, that the search incident was legal, and that the contraband thereafter seized was admissible into evidence against him.
We reverse, for defendant’s actions, although not inconsistent with culpable possession of a burglar’s tool and stolen property, are also susceptible of many innocent interpretations. His behavior, at most equivocal and suspicious, was unsupplemented by any additional behavior or circumstances raising “ the level of inference from suspicion to probable cause ”. (See People v. Corrado, 22 N Y 2d 308, 311, 313.) For example, the defendant’s answers to the officer’s questions were not evasive or unresponsive. (People v. Rosemond, 26 N Y 2d 101, 102-103, 105; People v. Brady, 16 N Y 2d 186, 189.) Indeed, it appears he was afforded very little opportunity, if any, to explain where he acquired the suspect items. Then, too, there was no flight at the approach of the officer (cf. People v. White, 16 N Y 2d 270). Nor was there any report of a car breakin nor any indication that this was a high crime area. (People v. Hunter, 30 N Y 2d 774, 776.)
In sum, the officer’s bare suspicion of criminal activity was sufficient for an investigatory stop. His observations and his inquiry were, however, insufficient to raise that suspicion to the requisite standard of probable cause (Brinegar v. United States, 338 U. S. 160, 175-176), without which the arrest and the incidental- search must fall.
Accordingly, the order of the Appellate Term should be reversed and the information dismissed.
Chief Judge Fuld and Judges Bxjrke, Breitel, G-abrielli. Jones and Wachtler concur.
Order reversed, etc.