Cooke, J.
The facts are undisputed.
Hackett, a uniformed patrolman of the Housing Department Police, was conversing with a fellow officer on the sidewalk in front of their office on Marcy Avenue, Brooklyn, a high crime area where there were complaints and arrests for dangerous drugs, when he observed defendant about 10 feet distant, holding a woman’s red and white polka dot purse, about two by three inches in size with a zipper top. Defendant opened the zipper halfway and withdrew matches. The officers moved to within three feet of defendant when Hackett saw what appeared to be glassine envelopes in the purse. On cross-examination, Hackett, when asked “ you couldn’t see whether or not it was a glassine envelope or a candy wrapper, could you? ”, responded “I couldn’t distinguish the two at that time, but it appeared to me to be glasine [sic] envelopes or the wrapper of a Hershey *282 bar.” As Hackett continued his approach, defendant handed the purse to a woman who accepted it without comment. Defendant and the woman were arrested and a search of the purse revealed 18 glassine envelopes containing a white powder, later found to be heroin. Hackett had some experience with heroin arrests and had taken a brief course regarding the recognition and packaging of the substance. Supreme Court granted the motion to .suppress, stating that the policeman was able to see only glassine envelopes but not their contents and holding that he did not have probable cause to make a search and to arrest defendant. The Appellate Division reversed, on the law, finding that the totality of the surrounding circumstances formed a sufficient justification to warrant Hackett’s actions.
"Where the observed acts of the defendant were susceptible of various innocent interpretations, even if involving a person with a narcotics background, where the behavior was at most equivocal and suspicious, and where there was no supplementation by any additional behavior raising the level of inference from suspicion to probable cause, more must be .shown to form the basis for a warrantless arrest and an incidental search (People v. Russell, 34 N Y 2d 261, 264; People v. Brown, 32 N Y 2d 172, 174; People v. Brown, 24 N Y 2d 421, 423; People v. Corrado, 22 N Y 2d 308, 311, 313).
This is not a case where, as in People v. Lakin (21 A D 2d 902), defendant was walking and carrying a woman’s pocketbook under his arm. But, even there, the court said that the “carrying of a woman’s pocketbook by a man, though somewhat unusual, is not criminal behavior or sufficient basis for a finding of probable cause ”. Here, defendant held a small purse, opened the zipper part way, took matches therefrom and handed the purse to a woman. Certainly this is activity readily susceptible of an innocent interpretation. The finding below of a “ rapid transfer of the purse ” is unsupported in the record. The residue of the police officer’s testimony that what he first described as glassine envelopes could have been the wrapper of a Hershey bar, insofar as he was not able to distinguish between the two, tests out as an equivocal observation, at most. Defendant’s actions are susceptible of innocent explanation, since he may have been handed the purse to find a match or take a piece of chocolate therefrom and then return the purse to the owner.
*283 The order of the Appellate Division should be reversed and the order of the Supreme Court, granting defendant’s motion for suppression, should be reinstated.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler and Fuchsberg concur.
Order reversed and the order of Supreme Court, New York County, reinstated.