## (April 23, 1975)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND WHETSTONE, Appellant.—Judgment unanimously reversed, motion to suppress granted, and indictment dismissed. Memorandum: Defendant's conviction for possession of a dangerous drug in the fourth degree is based upon an indictment charging him with possession of 9.79 grams of cannabis. He contends that the search and seizure by the police without a warrant violated his constitutional rights. (U. S. Const., 4th Amdt.; N. Y. Const., art. I, § 12). The circumstances under which he was arrested convince us that his claim is sound, that the search and seizure were illegal and unreasonable and that this motion to suppress should have been granted. The police officers who arrested defendant testified that they were cruising in a patrol

vehicle at about 12:15 A.M. when they observed defendant walking in an eastbound direction on the south side of Howard Street in the City of Buffalo. They said that they recognized defendant as one who had been previously arrested on various charges. One of the officers called to defendant to "hold it a minute, Raymond." The officer stated that his reason for stopping defendant was to give him an opportunity to check with police headquarters to ascertain if there were outstanding warrants against defendant. There was in fact no warrant and the officer had no information or reason to anticipate that there was one. After being hailed, the officer testified, defendant walked in the opposite direction, turned his body away from the police, simultaneously making gestures toward the midsection of his body. Three manilla envelopes fell from defendant's possession and were found to contain marijuana. This is essentially the version of the incident given by the police. The defendant at the suppression hearing gave quite a different account of the incident. He said that when the police stopped him they told him that they were looking for a man with a gun. The defendant held his coat open to show that he had no weapon. The police then pulled their guns; an officer put his revolver against defendant's back and told him to get up against the police car. One of the officers tried to search defendant who pushed the officer's hands away, whereupon the officer said, "if you don't let me look in your pocket I'll blow your brains out." The officer searched defendant and found the three envelopes in his pocket. The record is barren of any justifiable reason for stopping defendant. The fact that defendant had been convicted of criminal acts sometime in the past is not in and of itself sufficient probable cause for stopping defendant, as was done in this case. We recognize that there is need for swift police action when criminal conduct is apparent or there is good reason to suspect that criminal activity is underway *(People v Singleteary,* 35 NY2d 528). Effective law enforcement sometimes requires stops based on grounds less compelling than those necessary for arrest or to satisfy stop and frisk law requirements *(People v Rosemond,* 26 NY2d 101, 104; CPL 140.50). For example, the area may be one of high crime activity and a suspect may be carrying instruments usually used for criminal activity *(People v Hunter,* 30 NY2d 774). However, in the instant case there was no circumstance which called for the action which the police took. Defendant's conduct could not even be defined as " 'equivocal and suspicious' " which the Court of Appeals stated was insufficient ground to supply the necessary probable cause *(People v Brown,* 24 NY2d 421, 423). See, also, *People v Brown,* (32 NY2d 172). A hunch or a conclusion based on good faith may not be the basis for intrusion into a citizen's right to be free of illegal search and seizure *(Terry v Ohio,* 392 US 1, 21–22). If the defendant had evaded the police or turned away from them prior to being hailed, such behavior might have created the quality of suspicion justifiably leading to a reasonable stop and inquiry. The record shows only that the police were cognizant of a prior criminal record, nothing more, and such knowledge alone was insufficient to justify stopping and searching defendant. (Appeal from judgment of Erie Supreme Court convicting defendant of criminal possession of a dangerous drug, fourth degree.) Present—Marsh, P. J., Cardamone, Simons, Goldman and Del Vecchio, JJ.