■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WALTER C. WHITE, Appellant.—Judgment insofar as it convicts defendant unanimously affirmed; insofar as it imposes sentence, decision reserved and matter remitted to the trial court for further proceedings in accordance with the following memorandum: While driving in a patrol car of the Tactical Patrol Unit, officers observed defendant walking on Woodlawn Avenue in the City of Buffalo. One of them had known defendant for about a year and had spoken with him previously. This officer rolled down the window and called to the defendant by name. The defendant turned, looked at the officer, shoved his right hand in his coat pocket and increased his gait. Again the officer called him by name but defendant continued moving away at a rapid gait. Thereupon the patrol car was pulled to the curb in front of the appellant, the officers got out and one of them walked up to appellant to question him. When directly in front of the appellant, an object was thrown by him over the head of the officer which made a silver flash, leading the officer to believe that it was a tinfoil bundle. This officer grabbed appellant and, while struggling with him, heard his fellow officer call out, "It was heroin". Both officers subdued the appellant, and during the struggle 12 packages of a brown powder substance were found in defendant's pocket. Both the substance in his pocket and that contained in the package which was thrown over the officer's head later proved to be heroin. The motion to suppress the physical evidence was denied and, thereafter, defendant entered a plea of guilty to a reduced charge, resulting in an indeterminate sentence not to exceed four years. In *People v Whetstone* (47 AD2d 995, 996) we stated: "However, in the instant case there was no circumstance which called for the action which the police took. * * * If the defendant had

*evaded* the police or *turned away* from them prior to being hailed, such behavior might have created the quality of suspicion justifiably leading to a reasonable stop and inquiry." (Emphasis added.) Defendant's conduct in this case was more than equivocal and does not come within the conduct discussed in *People v Davis* (36 NY2d 280) and *People v Russell* (34 NY2d 261). The applicable law under the circumstances before us was best expressed recently by the Court of Appeals in *People v De Bour* (40 NY2d 210) when, in considering facts very similar to those before us, it stated (p 213): "This case raises the fundamental issue of whether or not a police officer, in the absence of any concrete indication of criminality, may approach a private citizen on the street for the purpose of requesting information. We hold that he may." The court further stated (p 217): "The crucial factor is whether or not the police behavior can be characterized as reasonable which, in terms of accepted standards, requires a balancing of the interests involved in the police inquiry [citations omitted]." The motion was properly denied. The sentencing court denied a motion by appellate counsel for the right to review his client's presentence report, although trial counsel had been given a "criminal history" before sentence. Despite the fact that the statute in question became effective one day subsequent to the date of sentencing but prior to the appeal, we hold that this matter should be remitted to the trial court with instructions that the presentence report be made available to defendant's appellate counsel, subject to the discretion vested in the court under CPL 390.50, for his use in briefing and arguing the nature and extent of the sentence (see *People v Rogers,* 54 AD2d 616). This appeal is, therefore, held with the direction that, subject to the discretion of the sentencing court, the presentence report be made available to defendant's appellate counsel for the preparation of his brief and argument on appeal, and that upon the filing of his brief the appeal be rescheduled for argument before this court. (Appeal from judgment of Erie Supreme Court— attempted criminal possession of controlled substance, fifth degree.) Present —Marsh, P. J., Mahoney, Dillon, Goldman and Witmer, JJ.