Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered June 24, 1976, convicting him of criminal possession of a controlled substance in the sixth degree and attempted bribery in the second degree, upon a plea of guilty, and imposing sentence. The appeal brings up for review the denial of defendant’s motion to suppress the contraband seized at the time of the arrest. Judgment reversed, on the law and the facts, motion to suppress granted, and indictment dismissed. At about 4:30 a.m., on March 10, 1975, a uniformed police officer on motor patrol responded to a radio run concerning a dispute on Avenue V in Brooklyn. The "dispute” was not otherwise described. It was dark out. As the officer alighted from the car he was driving, he saw the defendant walking towards him. At a distance of four or five feet, he, the officer, noticed that a plastic bag containing a white powder was protruding, to the extent of about one inch, from the breast pocket of defendant’s shirt. Nadel was wearing a jacket over the shirt, but it was open. Based on what he described as his prior experience with narcotics, the office "retrieved” the substance and placed Nadel under arrest. At the suppression hearing the officer testified that he had made about 100 narcotics-related arrests during his eight years on the force. On cross-examination he conceded that of those 100 narcotics arrests, 48 or 49 failed to produce convictions after testing by the police laboratory disclosed that the items were nonnarcotic substances. Despite this serious dilution of his direct testimony, as a result of which his *660 claim of probable cause was gravely impugned, the court denied the motion to suppress. The guilty plea followed. The sole issue before us is that of probable cause. Case law supports the view that defendant’s arrest was illegal. In People v Oden (36 NY2d 382) a glassine envelope changed hands between the defendant and another in a known narcotics location. The occurrence was witnessed by a police officer using a telescopic lens. He was in the Narcotics Enforcement Unit of the New York City Police and was conducting an on-the-scene surveillance of drug activity. The evidence was suppressed at all judicial levels despite the insistence of the District Attorney that there was probable cause for the arrest. In People v Corrado (22 NY2d 308) the police, acting upon a tip that a quantity of marijuana would change hands on a certain street corner between designated hours, set up a stakeout. Within the specified period a car with three young men in it pulled up. One alighted and walked back to a second car. He momentarily bent over out of view, and then returned to his companions, to whom he handed over four manila envelopes. He then departed. The police moved in, arrested the remaining two men and confiscated the envelopes, which proved to contain marijuana. On the theory that the manila envelopes could have contained any number of noncontraband articles, the Court of Appeals reversed the judgment of conviction and suppressed the evidence. At bar the same argument is persuasive. Since the arresting officer himself admitted having been mistaken on 48 out of 100 occasions, probable cause was lacking. Here there was not even the exchange of an envelope as in Oden (supra), nor was there flight by the defendant when accosted by a police officer, as there was in People v Santiago (28 NY2d 753). Actually Nadel walked towards—not away from—the police officer, and did nothing affirmatively to arouse his suspicions. Nor, as in Oden, was the police officer on the scene because of drug activity. He was called in on a dispute. So far as the record shows, no evidence of any dispute was uncovered. Instead, by a form of serendipity, the officer found something he was not looking for. (See, also, People v Davis, 36 NY2d 280.) In Brinegar v United States (338 US 160) the Supreme Court established a working criterion for probable cause, noting (pp 175-176): " 'The substance of all the definitions’ of probable cause 'is a reasonable ground for belief of guilt.’ * * * And this 'means less than evidence which would justify condemnation’ or conviction * * * Probable cause exists where 'the facts and circumstances within their [the officers’] knowledge and of which they had reasonably trustworthy information [are] sufficient in themselves to warrant a man of reasonable caution in the belief that’ an offense has been or is beipg committed.” Here there were no facts or circumstances within the arresting officer’s knowledge, and he had no prior information, trustworthy or otherwise, of any drug activity by the defendant. In our view, therefore, there was no probable cause at bar to arrest Nadel. Hence, we have reversed the judgment of conviction, granted the motion to suppress the evidence and dismissed the indictment. Martuscello, Cohalan and Titone, JJ., concur; Hopkins, Acting P. J., and Rabin, J., dissent and vote to affirm the judgment.