■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEE GOSS, Appellant.—Judgment, Supreme Court, New York County, rendered August 9, 1977, convicting defendant upon his plea of guilty of attempted criminal possession of a weapon in the third degree, reversed, on the law, the

defendant's motion to suppress granted, and the indictment dismissed. Defendant's arrest was based upon the police observing the defendant obtaining from another a "white envelope" which appeared to be a glassine envelope, the contents of which the police suspected might be narcotics. The mere passing of such an envelope does not establish probable cause to arrest (see *People v Thomas*, 62 AD2d 945). After his arrest, defendant was handcuffed, but not searched, and placed in the patrol car. Later, at the police station, a loaded revolver was discovered wedged in the rear seat of the patrol car where defendant had been seated. It cannot be said that under the circumstances herein the gun was voluntarily abandoned so as to dissipate the taint of the lack of probable cause. Nothing is added by police testimony as to observations of several prior relationships between the individual who gave the envelope to defendant and others, for in none of those instances did the police observe the possession or transfer of any envelope. Defendant is entitled to suppression of the physical evidence. Concur—Murphy, P. J., Birns, Markewich and Lupiano, JJ.

Kupferman, J., dissents and would affirm on the findings of fact and conclusions of law of Lang, J.