Gabrielli, J.
(dissenting). It is recognized, of course, that a probable cause determination is one involving mixed questions of law and fact and, insofar as the determination is factual in nature, it is beyond the review powers of this court. Where, however, the facts and circumstances are undisputed, there is no problem as to credibility, and only one inference can reasonably be drawn therefrom, then the question of whether there is probable cause is purely one of law (People v Morales, 42 NY2d 129, 134-135, cert den 434 US 1018; People v Rizzo, 40 NY2d 425, 430; People v Oden, 36 NY2d 382, 384). In the case before us, the evidence presented on the hearing impels but one legal conclusion — that there was probable cause for the arrest. I must therefore dissent.
Our inquiry begins with a recognition of the standard applicable to these determinations. The evidence required to establish probable cause to arrest is not required to be such as to establish proof beyond a reasonable doubt or warrant a conviction (People v Miner, 42 NY2d 937, 938). Instead, if the observations or information are sufficient to move a reasonable person to conclude that a crime is being attempted or committed, probable cause exists (People v White, 16 NY2d 270, 273, cert den 386 US 1008; People v Santiago, 86 Misc 2d 785, 788).
*926 Here, the arrest occurred in an area known for its high incidence of burglaries (see, e.g., People v Hunter, 30 NY2d 774, 776); and the police found a torn plastic bag containing a large number of power tools, lying, apparently abandoned, along the highway. It appears further that burglars regularly parked along this road while breaking into nearby homes and, suspecting that the tools may have been abandoned when the thief’s plastic bag broke during his flight, the police parked to observe the tools. Their suspicions were confirmed when, shortly before midnight, a taxicab backed onto the highway, stopping beside the tools and the defendant ran directly to the bag, scooping it up without even examining its contents, and then ran back to his taxi. Certainly, in the face of the highly unlikely event that some innocent person carelessly abandoned these valuable tools, the observations of the police and their information concerning the habits of burglars in the area were sufficient factors to move a reasonable person to suspect that a crime was being attempted or committed. (See CPL 140.50.) Based upon this suspicion, the police were entitled to stop the defendant and demand from him an explanation of his conduct. To accomplish this task, the police were justified in stopping the taxicab which had pulled away immediately upon the defendant’s re-entry with the plastic bag. When the vehicle came to a halt, the police observed the defendant attempt to exit the vehicle. It was at this point that the officers emerged from their cars with guns drawn and shouted freeze. Under the circumstances, evincing as they did the possibility that the defendant was attempting to flee, the predicate for the police conduct crossed the line from reasonable suspicion to probable cause, justifying the defendant’s seizure and arrest. While by a wild stretch of the imagination one could conjure up an innocent explanation for the defendant’s conduct, the totality of the circumstances here points in the opposite direction and clearly establishes the existence of probable cause.
Chief Judge Cooke and Judges Jones, Wachtler and Fuchsberg concur; Judge Gabrielli dissents and votes to reverse in an opinion in which Judge Jasen concurs.
Order affirmed in a memorandum.