■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD HESTER, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BUSTER McRAY, Also Known as BUSTER McCRAY, Appellant. — On remand from the Court of Appeals "for further proceedings in accordance with the opinion herein" *(People v McRay,* 51 NY2d 594, 607), dispositions are made as follows: *People v Hester* (71 AD2d 121): Judgment, Supreme Court, New York County (Cropper, J., at plea and sentence, and Alexander, J., at suppression hearing), rendered March 9, 1978, affirmed, and the matter remanded to Supreme Court, New York County, for further proceedings pursuant to CPL 460.50 (subd 5). *People v McRay* (74 AD2d 522): Judgment of conviction, Supreme Court, New York County (Davis, J.), rendered June 2, 1978, affirmed, and the matter remanded to Supreme Court, New York County, for further proceedings pursuant to CPL 460.50 (subd 5). In our earlier reversal of the conviction in *Hester* for lack of probable cause, we relied on *People v Oden* (36 NY2d 382, 385-386), *People v Corrado* (22 NY2d 308, 312-313), and *People v Brown* (24 NY2d 421) all involving the passing of envelopes in high-crime areas with overtones of narcotic activity, to find the disclosed factual pattern less than sufficient to reach a threshold at which probable cause to arrest might be apparent. Now our highest court has found such a set of facts to be sufficient to

achieve that level. Indeed, this trilogy of cases had set such an apparent inflexible standard of what is probable cause in an envelope passing case that an imprimatur was placed on at least two of the three: "We have frequently rejected the notion that behavior which is susceptible of innocent as well as culpable interpretation, will constitute probable cause· (*** *People v Oden,* 36 NY2d 382; *** *People v Corrado,* 22 NY2d 308)." *(People v De Bour,* 40 NY2d 210, 216.) It is fair to say that, had it not been for *Oden, Brown,* and *Corrado,* and their progeny here *People v Maldonado* (59 AD2d 692), *People v Goss* (67 AD2d 876), *People v Thomas* (62 AD2d 945), we might easily have sustained probable cause in the subject cases by considering a factor never before permitted weight, i.e., the nature of the neighborhood in which the police observations were made. (51 NY2d at p 605.) See separate concurrence of Fuchsberg, J. (p 606), suggesting that "reputation of the particular neighborhood *** should not be a significant factor in finding probable cause." The significance of the separate concurrence is not lost because, even without, by implication, considering this factor, the concurring Judge apparently accepted the remaining circumstances as sufficient to present a question of fact. The result is that, following the law as we are now taught, we find the facts to be such as to confirm the existence of probable cause for the arrest, and we therefore affirm. In *McRay* the facts therein we found to be "virtually identical to those found in *People v Hester*", and we reversed accordingly, one Justice on constraint of *Hester.* We now find the facts sufficient to sustain probable cause in effecting the arrest. The only other point remaining is the credibility of the police recital. We find nothing inherently incredible in the inculpatory evidence, and will not disturb the convictions on that score. *[People v Hester]* — Concur — Birns, J.P., Markewich and Fein, JJ.; Sullivan and Lupiano, JJ., concur in the result only as to *People v Hester. [People v McRay]* — Concur — Murphy, P.J., Birns, Markewich and Bloom, JJ.