OPINION OF THE COURT
Joseph Silverman, J.
The issue facing this court is whether the arresting officer had a reasonable suspicion that the defendant had just purchased drugs based on his observations of the defendant’s actions at a "peephole” in a known drug location.
The officer testified at the Mapp hearing that he observed *279 the defendant walk up to an abandoned building located at 1627 St. John’s Place in Brooklyn and place his hand in a hole in the wall and take something out of the hole. The officer stated he did not see if the defendant had anything in his hand when he placed it in the hole nor did he see what the defendant had in his hand when he withdrew it. These observations were made from approximately 50 to 100 feet away.
The officer stopped the defendant approximately 30 feet away from the building and told him to open his hand. From his hand, the officer recovered a bag containing vials of crack.
The officer made these observations while on patrol as a member of the New York City Police Department Street Narcotics Enforcement Unit (SNEU).
As a member of the NYPD and as an officer with SNEU, he testified that he had received training in narcotics enforcement. Additionally as a SNEU member, for lVi years, he had been involved in approximately 200 arrests for drug offenses. As part of his training and experience the officer testified that "crack” is often sold through peephole locations where individuals pass money and receive crack vials.
The officer also testified as to his familiarity with the area surrounding 1627 St. John’s Place. He stated that the area was known for drug sales and that 1627 St. John’s Place was in particular a known drug location and peephole location.
The intelligence reports consisted of anonymous calls to the precinct regarding drug sales at that location as well as observations and suspicions by other police officers regarding activity at the location.
His involvement with prior arrests at that address was both as a backup officer with other SNEU officers as well as several arrests he made personally for the possession of controlled substances.
The defendant’s position is that the officer’s observations at the scene did not rise to the level of probable cause and thus the officer could only stop the defendant and inquire as to his activity. Thus the officer’s command to the defendant to open his hand and the search of the bag containing the contraband was an unwarranted intrusion on the defendant’s Fourth Amendment rights and, therefore, the crack seized must be suppressed.
Probable cause has been defined as information which would lead a reasonable person, with the expertise of a police officer, to conclude under the circumstances present, that a *280 crime has, is or is about to occur. (Henry v United States, 361 US 98, 102 [1959]; People v McRay, 51 NY2d 594, 602 [1980]; People v Oden, 36 NY2d 382, 384 [1975].) Probable cause does not require proof beyond a reasonable doubt but merely information sufficient to support a reasonable belief that an offense has been committed or evidence of a crime may be found in a certain place. (People v McRay, supra, at 602.)
In deciding the issue of probable cause, the court should apply a mixture of common sense, legal precedent and the awareness of the everchanging illicit drug trade. (People v Small, 144 Misc 2d 560.)
Until it became commonplace for drugs to be sold in glassine envelopes, the courts did not recognize the exchange of glossine envelopes as a basis for probable cause. However, with the widespread use of glossines as packaging for heroin, an exchange of glossine envelopes soon became all but per se probable cause and deemed the "hallmark of an illicit drug exchange.” (People v McRay, supra, at 604.) Since McRay the drug traffickers have developed the peephole method of selling drugs to avoid detection: an exchange of money for drugs through a hole with the buyer unable to see the seller.
The defendant’s actions in placing his hand in the hole in the building cannot be viewed in a vacuum. This act alone may not, in and of itself, give rise to probable cause but when viewed together with other factors may establish probable cause. (People v Bigelow, 66 NY2d 417, 424 [1985]; People v Valentine, 17 NY2d 128, 132 [1966].)
The sale of crack cocaine through a peephole has become so prevalent in recent years as to have become an indicia of a crack transaction to individuals familiar with the crack trade, as glossine envelopes are to the heroin trade. The officer here possessed the training and experience in narcotics enforcement to recognize that the defendant’s actions were a strong indication that he had just purchased crack. This factor taken together with the officer’s knowledge of past drug sales at this same location provided him with the probable cause to believe that the defendant was committing a crime.
It is against this backdrop that the officer’s actions here must be viewed. He is experienced and knowledgeable regarding narcotic sales and methods of operation. As such he could draw upon this knowledge and experience to support his belief that a crime was being committed. His knowledge and familiarity with peephole drug sales, prior peephole sales and *281 arrests at this very location and intelligence reports concerning the same location together with his observations of the defendant’s acts were sufficient to give him probable cause for believing that a crime had been committed in his presence by the defendant.
For the foregoing reasons defendant’s motion to suppress is denied.