■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTONIO ROSARIO, Appellant. [609 NYS2d 316] —Appeal by the defendant from a judgment of the County Court, Westchester County (Lange, J.), rendered October 16, 1992, convicting him of burglary in the second degree (four counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and statements made by him to the police.

Ordered that the judgment is reversed, on the law and the facts, those branches of the defendant's omnibus motion which were to suppress physical evidence and his statements are granted, and the matter is remitted to the County Court, Westchester County, for a new trial if the People be so advised. The facts have been considered and determined to have been established.

At the suppression hearing, Sergeant Edward Sheehy testified that on March 22, 1991, at approximately 11:40 A.M., he was patrolling the vicinity of New Rochelle in connection with a problem with burglaries in the area. He observed a hispanic male walking north on Woodland Avenue. Sheehy testified, "It didn't look right to me as I drove by him. As I drove by, he glanced at me and I glanced at him. I decided he was acting to me in a suspicious manner because I have never seen him before in the area". Sheehy drove around the block and came up behind the defendant, who crossed the street and entered the vestibule of a house on 30 Woodland Avenue. Sheehy continued his surveillance of the house for approximately 20 minutes until he was required to leave the area for another assignment. Between 11:00 A.M. and 1:00 P.M., a burglary occurred in the first floor apartment at 30 Woodland Avenue.

On April 1, 1991, at approximately 11:30 A.M., officers were again surveilling the same area of New Rochelle. Sheehy saw the defendant enter a house on Neptune Avenue and he saw him leave 20 to 30 seconds later. Sheehy radioed for another team to assist him in observing the defendant. The defendant entered the vestibule of another house on Neptune Avenue; within two or three minutes he exited the house and continued to walk north on Neptune Avenue. The defendant walked up several streets before the police stopped him. Officer Gado identified himself as a policeman and asked the defendant his name and what he was doing. The defendant stated that he

lived in the Bronx and he was looking for an apartment in the area. Moments later, Sergeant Sheehy arrived and identified the defendant as the person he had seen entering 30 Woodland Avenue on March 22. The defendant was arrested. He subsequently confessed to having committed burglaries on previous dates. At the time of his arrest, he had in his pocket a pawn shop ticket which the police used to recover jewelry belonging to residents of two burglarized homes. A VCR from one of the homes was found in the defendant's room. The hearing court concluded that probable cause existed to arrest the defendant when Sheehy identified him as the man who he had seen entering 30 Woodland Avenue "at a time when a burglary had been reported". We disagree.

While the circumstances justified the officers' initial inquiry, it is axiomatic that an officer may only seize and take into custody an individual when the officer has probable cause to believe that the person has committed a crime *(see, People v De Bour,* 40 NY2d 210). We find that the "defendant's actions, although not inconsistent with culpable [conduct] are also susceptible of many innocent interpretations" *(People v Corrado,* 22 NY2d 308, 311, 313). He could have been looking for an apartment on March 22 and April 1, as he claimed. "His behavior, at most equivocal and suspicious, was unsupplemented by any additional behavior or circumstances raising the 'level of inference from suspicion to probable cause' " *(People v Corrado, supra,* at 311, 313; *see also, People v Brown,* 32 NY2d 172, 174; *People v Gibson,* 194 AD2d 623; *People v Amill,* 88 AD2d 918). Therefore, suppression of the physical evidence and the defendant's statements is warranted necessitating reversal of the defendant's judgment of conviction.

In light of this determination, we do not reach the defendant's remaining contentions. Miller, J. P., Copertino, Santucci and Goldstein, JJ., concur.