THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* FRANK Lo CICERO, Respondent.

Second Department, July 9, 1962.

*Edward S. Silver, District Attorney (Aaron Nussbaum* of counsel), for appellant.

*Benjamin Groberg* for respondent.

BELDOCK, P. J. On October 1, 1959, in the United States District Court for the Eastern District of New York, the defendant Lo Cicero, together with one De Sisto and another, was indicted for obstructing, by robbery, the movement of certain merchandise in international commerce.

On October 15, 1959, before trial of the Federal indictment, defendant Lo Cicero, together with De Sisto, was indicted in the County Court of Kings County on four counts arising out of the same transaction as the indictment in the Federal court. The four counts were robbery in the first degree, grand larceny in the first degree, assault in the second degree and kidnapping (of the driver of a truck).

The Federal indictment did not contain a kidnapping count. After trial on the Federal indictment, defendant was found not guilty. Thereafter defendant moved in the County Court to dismiss the indictment in that court on the ground that the acquittal in the Federal court was a bar to the prosecution in the State court. He relied on section 33 of the Penal Law and section 139 of the Code of Criminal Procedure. The County Court granted his motion and dismissed the indictment as to him. This is an appeal by the People from the order entered on that determination.

This court is unanimously of the opinion that, with respect to the kidnapping count in the County Court indictment, a count which was not contained in the Federal indictment, the motion to dismiss was erroneously granted. The difference of opinion arises only with respect to the other three counts of the County Court indictment.

Protection against double jeopardy by successive State prosecutions is guaranteed under section 6 of article I of the New York State Constitution. Protection against double jeopardy by successive Federal prosecutions is guaranteed under the Fifth Amendment to the Federal Constitution. But such guarantees against double jeopardy do not apply when a single act which violates both Federal and State criminal laws is prosecuted by the two separate governments. In such case each government, in determining what shall be an offense against its peace and dignity, is exercising its own sovereignty, not that of the other, and an act denounced as a crime by both national and State sovereignties is an offense against the peace and dignity of both

and may be punished by each (*United States* v. *Lanza,* 260 U. S. 377, 382; see, also, *Bartkus* v. *Illinois,* 359 U. S. 121; *Abbate* v. *United States,* 359 U. S. 187).

The court below did not hold that the Federal acquittal presented a constitutional bar of double jeopardy to the State prosecution, but rather that section 139 of the Code of Criminal Procedure presented a statutory bar to the State prosecution. That section provides: " When an act charged as a crime is within the jurisdiction of another *state, territory or country, as* well as within the jurisdiction of this state, a conviction or acquittal thereof in the former, is a bar to a prosecution or indictment therefor in this state." (Emphasis supplied.)

Section 33 of the Penal Law is to similar effect.

In my opinion, neither of these statutes is applicable to a former Federal prosecution. Section 139 of the Code of Criminal Procedure applies only to a crime within the jurisdiction of " another state, territory or country ". Section 33 of the Penal Law applies only to a crime committed in " another state or country ". The Federal Government does not fall into any of those categories. Therefore, the acquittal in the Federal court is not a bar to the prosecution in this State, even though the act involved in the State prosecution is the same as the act involved in the Federal prosecution. If the statute by its language had barred a second prosecution upon defendant's acquittal by " another government " for a similar offense, the situation would be entirely different.

For example, section 28 of the Penal Law provides that an act declared punishable by this chapter (L. 1909, ch. 88) is not less so because it is also punishable under the laws of " another state, government or country," unless the contrary is expressly declared in such chapter. This difference in the language of the statutes, to wit: the use of the words " another  *  *  * government " in section 28 of the Penal Law (which permits a Federal prosecution as well as a State prosecution, unless the contrary is expressly declared); the use of the words " another state, territory or country " in section 139 of the Code of Criminal Procedure; and the use of the words " another state or country " in section 33 of the Penal Law, shows the difference in meaning intended by the Legislature.

If either of these two latter statutes had used the words " another  *  *  * government," the State prosecution would have been barred. But no such language was used and, therefore, the State prosecution is not barred. That this deliberate choice of language is not an error or oversight is apparent from

the fact that, when originally drafted by the Field Commission in 1864, the proposal was that the statute read " of another state, government or country." However, when finally enacted, the word " government " was struck out, thus indicating that the Legislature intended to cover precisely the situation present here and to permit the State prosecution to continue.

The case of *People ex rel. Liss* v. *Superintendent of Women's Prison* (282 N. Y. 115) is not in point. There the State prosecution on a narcotics charge was barred after a Federal acquittal because a specific statute (Public Health Law, § 445, now § 3354, subd. 3) barred the State prosecution under the particular circumstances there present.

Nor is the case of *People* v. *Mangano* (269 App. Div. 954, affd. 296 N. Y. 1011) determinative. There defendant was indicted and convicted in the United States District Court for the Eastern District of New York for the crime of larceny. Thereafter, he was indicted and tried in the County Court of Queens County on two counts: burglary in the third degree and petit larceny, based on the same property involved in the larceny charge in the Federal court. Although this court on the appeal held that the County Court petit larceny count should be dismissed (citing Penal Law, § 33; Code Crim. Pro., § 139), the District Attorney of Queens County had conceded that the prosecution of defendant for the petit larceny was barred, and the dismissal of that count was not before the Court of Appeals when that court affirmed the judgment.

If it be assumed, then, that the Federal acquittal is not a bar to the State prosecution either by Constitution or by statute, is the State prosecution barred by the rule of collateral estoppel?

The essence of the rule of collateral estoppel is that a question once tried out should not be relitigated between the same parties or their privies (*Hinchey* v. *Sellers*, 7 N Y 2d 287). It is really the rule of *res judicata* applied to criminal cases (see *Abbate* v. *United States*, 359 U. S. 187, 200, *supra*; *Hoag* v. *New Jersey*, 356 U. S. 464, 471). The difference is that *res judicata* applies to questions that were or might have been litigated, whereas collateral estoppel applies only to questions that were actually litigated (Restatement, Judgments, § 68), primarily because the " causes of action " in different prosecutions are different.

In order to apply the doctrine of collateral estoppel in this case, it must first be determined which issues were decided by the general verdict of acquittal in the Federal prosecution of the present defendant. If the former acquittal was on the ground that defendant was not present at the time of the commission of the crime, there might be a claim that such determination was

binding in a subsequent prosecution (see, e.g., *People* v. *Grzesczak,* 77 Misc. 202; *Harris* v. *State,* 193 Ga. 109; cf. *Sealfon* v. *United States,* 332 U. S. 575). On the other hand, if it could not be definitely determined on what ground the acquittal was had in the Federal court, the doctrine of collateral estoppel is not applicable (*State* v. *Barton,* 5 Wn. [2d] 234; *State* v. *Orth,* 107 Ohio App. 35, appeal dismissed 167 Ohio St. 388; *Hoag* v. *New Jersey,* 21 N. J. 496, affd. 356 U. S. 464, *supra; People* v. *Rodgers,* 184 App. Div. 461, affd. 226 N. Y. 671).

After an examination of the record in the Federal court, the County Court held that the issue of identity was essential to and was actually determined in the Federal trial and that the jury in the Federal court determined that defendant was not present at the time of the commission of the crime. However, the People argue that an examination of the record in the Federal court will show that there was sufficient proof of identity, but that this defendant was there acquitted because of an erroneous charge in defendant's favor. The record in the Federal court is not here. Therefore, we cannot determine what was actually decided by the jury. Defendant would have the burden of proof on that issue at the trial.

However, the doctrine of collateral estoppel is not available to defendant for another reason. The doctrine is available only when the parties are the same (*Hinchey* v. *Sellers,* 7 N Y 2d 287, *supra*). Here the prosecuting authorities are different. In the Federal court the prosecutor was the United States. In the State court the prosecutor is the People of the State of New York. The County Court held that the People of the State of New York are bound by a determination made by a jury of New York citizens sitting in a Federal criminal trial. In our opinion, the law is otherwise.

In *Smith* v. *United States* (243 F. 2d 877) defendant was acquitted of violating a city ordinance for promoting a lottery. There followed a Federal prosecution for the same promotion of the same lottery without purchasing a stamp as required by Federal law. The Circuit Court of Appeals for the Sixth Circuit held that, because of the difference in the prosecuting authorities, the finding in the city prosecution was not *res judicata* in the Federal prosecution.

In *United States* v. *Rangel-Perez* (179 F. Supp. 619, 625) it was stated that the doctrine of collateral estoppel is applicable only where an issue has been in fact litigated and necessarily adjudicated in a prior criminal case " between the identical prosecutor and the identical accused."

The order, insofar as appealed from, should be reversed on the law; the defendant's motion to dismiss the indictment as to him, should be denied; and the indictment should be reinstated as to him. The findings of fact below are affirmed.

CHRIST, J. (dissenting). I concur for reversal and denial of defendant's motion to dismiss the indictment as to him, insofar as the kidnapping count is concerned; but I dissent and vote to affirm the dismissal of the other counts of the indictment upon which the defendant was tried and acquitted in the United States District Court.

It is true that no constitutional prohibition exists against the State of New York indicting and trying one for the very same acts or offenses upon which the Federal courts or the courts of another State found him not guilty (*Bartkus* v. *Illinois,* 359 U. S. 121; *Abbate* v. *United States,* 359 U. S. 187). Nevertheless, New York has chosen to grant immunity by statute (Code Crim. Pro., § 139; Penal Law, § 33). These two sections, when read together, show an intention to abide by the basic tenet in American jurisprudence that a man should not be tried twice for the same offense (U. S. Const., 5th Amdt.; N. Y. Const., art. I, § 6).

It requires a very narrow construction of the statutes to sustain the first three counts of the indictment. It is conceded that, if an acquittal or conviction is had in a sister State, or in a foreign country, the defendant has immunity from retrial in New York. However, it is argued that, if the acquittal or conviction is had in our own Federal court system, no effect shall be given to this by our New York State courts and the defendant may be tried again for the very acts and offenses involved in the Federal prosecution, upon the ground that the sovereignty of our State has been offended. No difference in reason is pointed out as to why a trial in a foreign country or a sister State should be given greater effect, as to double jeopardy, than one in a United States court.

It is said that the word "another" in these statutes, modifies the word "country." I agree that it may be read in this narrow context, but to do so does violence to the reason and intent of the statutes. A sensible instead of a literal interpretation of the Criminal Code and Penal Law provisions would avoid giving greater force and validity to a judgment of a foreign country than to a judgment of a Federal court of our own country. And even more important, such an interpretation would avoid the unseemly spectacle of violating our basic policy of not trying a man twice for the same crime.

In certain narcotics cases the State has employed clearer verbiage in barring prosecution of an offender if he has been

acquitted or convicted in a Federal prosecution (Public Health Law, § 3354, subd. 3, formerly § 445; see *People ex rel. Liss* v. *Superintendent of Women's Prison,* 282 N. Y. 115). Although the verbiage in the statutes we are presently construing is not as unmistakable as that in the Public Health Law, we should, in the absense of sharp meaning to the contrary, presume that in these statutes, no less than in the Public Health Law, the Legislature was honoring the traditional aversion to double jeopardy found in our system of government. Should we read the Criminal Code and Penal Law sections as the majority does, not only may a person who has been acquitted in the Federal court be tried again by the State, but so may a person who was convicted and sentenced in the Federal court be tried, convicted and sentenced again in the State court for the same acts. I read no such intention in the statutes.

*People* v. *Mangano* (269 App. Div. 954, affd. 296 N. Y. 1011); *People* v. *Eklof* (179 Misc. 536); *People* v. *Parker* (175 Misc. 776) and *People* v. *Spitzer* (148 Misc. 97), determined adversely to the People the very question here under consideration. Further, the Supreme Court of the United States has expressly interpreted the holdings of the *Liss, Mangano, Eklof, Parker* and *Spitzer* cases (*supra*) as being adverse to the People (*Bartkus* v. *Illinois,* 359 U. S. 121, 138, *supra*). In *Bartkus,* those cases are cited in a footnote at the end of the following portion of the majority opinion (p. 138): '' The entire history of litigation and contention over the question of the imposition of a bar to a second prosecution by a government other than the one first prosecuting is a manifestation of the evolutionary unfolding of law. Today, a number of States have statutes which bar a second prosecution if the defendant has been once tried by another government for a similar offense. A study of the cases under the New York statute, which is typical of these laws, demonstrates that the task of determining when the federal and state statutes are so much alike that a prosecution under the former bars a prosecution under the latter is a difficult one.''

The order under review should be modified so as to limit the dismissal to the counts other than the one for kidnapping, and, as so modified, it should be affirmed.

UGHETTA and HILL, JJ., concur with BELDOCK, P. J.; CHRIST, J., dissents in opinion in which KLEINFELD, J., concurs.

Order, insofar as appealed from, reversed on the law; defendant's motion to dismiss the indictment as to him denied; and indictment reinstated as to him. The findings of fact below are affirmed.