■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. THOMAS WILLIAMS, JR., Appellant.— Decision reserved, case held and matter remitted to Monroe County Court for further proceedings in accordance with the following Memorandum: Appellant's post-indictment motion for a contravention hearing was denied by the City Court Judge to whom the matter had been referred

on the ground that the validity of the search warrant had already been litigated and determined previously upon application of appellant's codefendant. It appears from the record that appellant had no notice of his codefendant's hearing and was not present either in person or by counsel. This motion to contravene and suppress was properly made in County Court under section 813-c of the Code of Criminal Procedure and should have been determined there. (*People* v. *Gatti,* 16 N Y 2d 251.) Referral to the City Judge of the contravention aspect of it was, in effect, a denial by the County Court and is appealable. The People correctly contend that the doctrine of collateral estoppel is applicable in a criminal prosecution (see, e.g., *People* v. *Reisman,* 29 N Y 2d 278), but it may not be invoked to estop the appellant when neither he nor a party in privity with him had an opportunity to litigate the issue now being foreclosed to him (*People* v. *Lo Cicero,* 14 N Y 2d 374; *Schwartz* v. *Public Administrator,* 24 N Y 2d 65). Appellant should have his day in court on the issue of the validity of the search. The appellant's plea of guilty does not defeat his right to appeal the denial of his motion to contravene and suppress. (Code Crim. Pro., § 813-c; *People* v. *Habel,* 25 A D 2d 182, affd. 18 N Y 2d 148.) (Appeal from judgment of Monroe County Court convicting defendant of criminal possession of dangerous drug, fifth degree.) Present—Marsh, J. P., Witmer, Moule, Cardamone and Henry, JJ.