■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ANDREW J. KELLY, Appellant.— Decision reserved, case held and matter remitted to Monroe County Court for further proceedings in accordance with the following memorandum: On February 5, 1971 (prior to return of the indictment herein) police officers, acting under the authority of a search warrant issued by a Judge of the City Court of Rochester, searched defendant's residence and seized policy slips and a weapon. On March 12, 1971 a Grand Jury impaneled in Monroe County Court returned an indictment charging that on February 5, 1971 defendant committed the crimes of promoting gambling, possession of gambling records and possession of weapons. Thereafter on March 29, 1971 defendant moved in City Court for an order directing suppression of the seized property. Although City Court lacked jurisdiction of the motion (*People* v. *Gatti,* 16 N Y 2d 251; *People* v. *Williams,* 40 A D 2d 586), the City Court Judge who had issued the search warrant heard evidence thereon and denied it. A motion thereafter made in County Court for the same relief was erroneously denied by it on the ground that the City Court order was *res judicata*. After indictment a suppression motion may only be made in and decided by the court where the defendant is to be tried (Code Crim. Pro., §§ 813-c–813-e; CPL 710.40, 710.50). The City Court order being a nullity, it did not bar consideration of the motion by County Court. The motion should, therefore, be heard and decided by County Court on the merits in accordance with CPL 710.60 (subds. 4, 6) (see Criminal Procedure in New York, Paperno and Goldstein [rev. ed.], §§ 41, 295, 296, 297). (Appeal from judgment of Monroe County Court convicting defendant of possession of gambling records, first degree and possession of weapons, misdemeanor.) Present — Del Vecchio, J. P., Marsh, Witmer, Moule and Henry, JJ.