■    THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. KEVIN C. (ANONYMOUS), Appellant.— Judgment of the Supreme Court, Queens County, rendered May 3, 1973, affirmed (*People ex rel. Batista* v. *Zelker*, 39 A D 2d 343, 346). Hopkins, Acting P. J., Martuscello, Cohalan, Brennan and Shapiro, JJ., concur.

■    THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LEO ANTHONY DI GIANGIEMO, Appellant.— Appeal by defendant (by permission) from an order of the County Court, Nassau County, entered July 19, 1974, which denied his motion pursuant to CPL 440.10 to vacate a judgment of conviction. Order affirmed. Defendant sought relief on his claim that, unbeknownst to him, the burglar's tools received in evidence against him at his Nassau County trial were the fruit of a search which had previously been held unlawful. In a related criminal action in Queens County, the trial court had suppressed an attache case and its contents (jewelry and a pistol) which had been seized by a Queens detective, in defendant's absence, from the rear seat of a rented automobile in which defendant had been a passenger. The burglar's tools received in evidence at his trial in Nassau County had been seized by a Nassau County detective during a search of the trunk of the same car, in defendant's absence, at or about the same time the attache case was seized. The burglar's tools were not the fruit of the same search and seizure previously held unlawful, and defendant's motion was, therefore, properly denied. Cohalan, Acting P. J., Brennan, Benjamin, Munder and Shapiro, JJ., concur.