Per Curiam.

The order of the Appellate Term should be reversed and the order of the Criminal Court of the City of New York granting defendants’ motion to suppress should be reinstated.
Seeing both defendants sitting in a parked car, the patrolman approached and asked to see the driver’s license and registration. As he did so he observed 43 empty glassine envelopes, not otherwise described, and a folded 10 dollar bill on the dashboard of the car in which defendants were sitting. *210 The patrolman thereupon arrested defendants and searched each. On defendant Jones he found one glassine envelope containing a white residue; on defendant Bryant he found nothing. The 10 dollar bill was found to contain a white substance which was later analyzed and determined to be six grains of cocaine.
At the suppression hearing the arresting officer testified that he had previously made arrests for drugs being passed from one person to another in a dollar bill folded to make a cup-like container. He testified without particularization that the 10 dollar bill here was folded in the same manner. The officer added that the arrest occurred in a "narcotics prone location”.
At the conclusion of the officer’s testimony counsel for each defendant expressly waived cross-examination and rested on the People’s case. The court granted the motion to suppress, observing that suspicion is no basis for an arrest.
On appeal the Appellate Term characterized the patrolman’s testimony as equivocal, and rather than making an explicit determination on the probable cause issue, remitted the case to Criminal Court for a hearing de novo. The dissenting Justice would have affirmed the order of the lower court. Evaluating the disposition by the majority as a conclusion that the evidence was insufficient to establish probable cause (a conclusion with which the dissenter agreed), he added that there was no justification in his view for a further hearing to give the People a second opportunity to establish probable cause.
In sum it thus appears that the finding of no probable cause by the hearing court was in effect affirmed at the intermediate appellate level. As we wrote recently in People v Oden (36 NY2d 382, 385) "the reviewing court will pay substantial deference to judicial determinations of probable cause * * * and * * * the mere passing of a glassine envelope in a neighborhood in which narcotics were known to have been present, unsupplemented by any additional relevant behavior or circumstances found to exist, was insufficient to raise the level of inference from suspicion to probable cause”. A conclusion of probable cause is a mixed question of fact and law which an appellate court will be reluctant to overturn, especially where, as here, the intermediate appellate court has not seen fit to differ with the finding of the hearing court. In substance here the arresting officer saw only containers appro *211 priate to hold narcotics — of two types, glassine envelopes seen to be empty, and a folded bill not seen to contain anything. We find no sufficient warrant to disturb the findings below that there was no probable cause for defendants’ arrest in the circumstances disclosed in this record.
The remission of the case to the Criminal Court for a hearing de novo was clearly improper. The original suppression hearing had been concluded. No contention is made that the People had not had full opportunity to present evidence. Defendants chose to rest on the People’s evidence. "The People, in order to prevail, are under the necessity of going forward in the first instance with evidence to show that probable cause existed * * * in sustaining the legality of a search made, without a warrant, as incident to an arrest. [Citations omitted.]” (People v Malinsky, 15 NY2d 86, 91, n 2.) There was no justification here to afford the People a second chance to succeed where once they had tried and failed.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in Per Curiam opinion.
Order reversed and order of the Criminal Court of the City of New York, Queens County, reinstated.