■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATRICK PROVOST, Appellant.—Judgment unanimously reversed, on the law and facts, motion to suppress confession granted and matter remitted to Onondaga County Court for further proceedings on the indictment. Memorandum: Defendant's appeal from his conviction for manslaughter and robbery, both in the first degree, was argued at our April, 1975 term. He sought reversal upon the ground that his confession was involuntary because his constitutional right to counsel was violated. The People conceded upon argument that at first defendant asked for an attorney, but claimed that he later informed one of the officers, a Captain Dillon, that he had changed his mind and did not want counsel. At the hearing on the voluntariness of his confession the People did not call Dillon as a witness. Defendant, citing *People v Valerius* (31 NY2d 51, 55), argued that since the officer was under the control of the People, their failure to call him as a witness raised the presumption that Dillon's " 'testimony would be unfavorable to the People and thus corroborative of the defendant's claim' ". We remitted the matter to the trial court for further proof on the question of the voluntariness of the confession. At the remitted hearing on July 29, 1975 defendant requested that the court suppress the confession on the authority of *People v Bryant* (37 NY2d 208, 211). In that case the court held that it was improper to remit the case to the trial court for a further hearing, stating that "There was no justification here to afford the People a second chance to succeed where once they had tried and failed". Under constraint of *Bryant* we have not considered the testimony at the remitted hearing. We find that the People have failed to prove beyond a reasonable doubt that the confession was voluntarily given (see *People v Huntley,* 15 NY2d 72, 78). We note that if we were to consider the minutes of the remitted hearing, the People could not prevail, for Dillon's testimony indicates that he never advised defendant of his *Miranda* rights and did not discuss with defendant his right to counsel. This testimony contradicts the People's claim that it was Dillon to whom defendant withdrew his request for any attorney. In the circumstances the judgment is reversed, the confession suppressed and the matter remitted for further proceedings upon the indictment. (Appeal from judgment of Onondaga County Court convicting defendant of manslaughter, first

degree and robbery, first degree.) Present—Moule, J. P., Cardamone, Simons, Goldman and Witmer, JJ.