*1076 OPINION OF THE COURT
Fred W. Eggert, J.
BACKGROUND
This motion presents the issue of whether or not a defendant seeking to suppress two items of evidence obtained through the same search and seizure, but relating to two separate and unrelated prosecutions in two different counties, may have two separate identical evidentiary hearings with respect to the common issue of probable cause for the search and seizure. This court holds that the defendant may not do so because the doctrine of collateral estoppel is a bar to relitigation of the same issue of probable cause which was previously determined adversely to him in New York County.
This case arises out of an arrest on May 11, 1976. On that date, in The Bronx, a milk truck driver was robbed at gunpoint. He immediately gave the police a description of the robber which was broadcast over police radio. Two other police officers received this message, as well as another from two different police officers that two men were under surveillance on a nearby roof. The milk truck driver was brought to the scene and it was learned through further radio communication that one of the men on the roof met the description of the robber. Officers thereupon went to the roof and approached the two men. One of them, the defendant Ralph Scott, turned toward the officers who saw a handgun on his person.
The defendant was arrested for criminal possession of a weapon. The milk truck driver made no identification, but the defendant, while under arrest, made incriminating statements concerning a double murder and robbery in New York County, committed one month before.
The defendant was indicted in Bronx County for criminal possession of a weapon in the third degree. That indictment is before this court. The subject weapon was in no way related to the New York County homicide.
The defendant was also indicted in New York County for murder in the second degree, et al. (Ind. No. 1856/76). He moved to suppress the statements concerning the homicide which he made to the police shortly after his weapon arrest in Bronx County. Hearings were conducted thereon before the Honorable Clifford A. Scott in the Supreme Court, New York County. Defendant argued therein that since there was *1077 no probable cause for his arrest in The Bronx, the admissions concerning the New York County homicides resulting from said arrest were the fruit of the poisoned tree and therefore should be suppressed. On June 21, 1977, that court, in an opinion summarized in the fact statement above, denied suppression of the statements, finding that the arrest was based on probable cause and was therefore valid. On June 24, 1977, the defendant was found guilty of murder in the second degree after trial and on July 25, 1977 he was sentenced to 25 years to life imprisonment, which sentence he is now serving. Timely notice of appeal was filed. The appeal has not yet been perfected.
Meanwhile, the Bronx indictment for possession of a weapon has been pending. The defendant has now moved to suppress the weapon on the identical ground that the police lacked probable cause to search his person and to seize the subject weapon. Thus since the common issue of probable cause for the rooftop arrest in The Bronx, previously determined by another court in another county, is raised, this court is squarely presented with the question of whether defendant is estopped from relitigating the identical question.
A hearing on the motion to suppress was briefly commenced before this court on November 28, 1977. It was continued to give counsel an opportunity to submit briefs on the question of whether collateral estoppel obviated the further taking of evidence. This court decides that it did.
REQUIREMENTS FOR COLLATERAL ESTOPPEL
The issue before this court is whether the motion to suppress evidence should be denied, without an evidentiary hearing, on the grounds that the doctrine of collateral estoppel precludes relitigation of the issue of probable cause for arrest. There is no question that collateral estoppel, the rule which denies a party a second chance to litigate an issue which was adversely determined in a prior action or proceeding, is applicable to criminal actions and proceedings (Ashe v Swenson, 397 US 436; Matter of Levy, 37 NY2d 279; Matter of McGrath v Gold, 36 NY2d 406; Valvolizza v Krieger, 33 NY2d 351; S.T. Grand, Inc. v City of New York, 32 NY2d 300).
Therefore, we must turn to whether collateral estoppel would apply to this case, where the same arrest produced "fruits” relevant to prosecution in two counties, and the legality of that arrest has been determined in one county. As *1078 the Court of Appeals stated in Schwartz v Public Administrator of County of Bronx (24 NY2d 65, 71) "New York law has now reached the point where there are but two necessary requirements for the invocation of the doctrine of collateral estoppel. There must be an identity of issue which has necessarily been decided in the prior action * * * and, second, there must have been a full and fair opportunity to contest the decision now said to be controlling.”
We must first decide if there is an identity of issues. In Manhattan the issue affecting the Bronx case was whether the defendant’s statements were the product of an unlawful detention of the defendant. In The Bronx the issue is whether a handgun was discovered through an unlawful search of the defendant at the time of the same arrest. Normally there would not be an identity of issues here, since the issue of the admissibility of the statements could have involved questions such as whether the statements were in fact "tainted” by the detention (see People v Martinez, 37 NY2d 662) or whether there was a reasonable investigatory detention on less than probable cause (see People v Morales, 42 NY2d 129). In this case however, the New York County Supreme Court specifically found that there was probable cause to arrest the defendant.
This finding of probable cause would render the search and seizure in the Bronx matter lawful as incident to a lawful arrest (see, e.g., People v Reisman, 29 NY2d 278, cert den 405 US 1041). The defendant has not advanced any theory under which this arrest could be lawful but the search nevertheless be unlawful, as was the question in Chimel v California (395 US 752). Neither has the defendant offered any newly discovered evidence in support of his motion to suppress. (See CPL 710.40, subd 4.) Therefore, this court concludes that the required identity of issues exists here.
It is clear that the second requirement for collateral estoppel, that the party to be bound by the prior adjudication have had a full and fair opportunity to litigate, is satisfied here. The same defendant, represented by the same able counsel, tried the suppression issue at length in New York County. The defendant raised the specific issue of the lawfulness of the arrest, cross-examined the prosecution witnesses, and called at least one witness of his own. Thus, the second requirement for collateral estoppel was satisfied. (We need not decide whether considerations of "identity of parties” [see People v Reisman, *1079 supra; People v Lo Cicero, 17 AD2d 31, mod 14 NY2d 374] are violated by the fact that although both prosecutions are in the name of the People of the State of New York, the two prosecuting authorities are the New York and Bronx District Attorneys, since the Bronx District Attorney here seeks to use the prior adjudication.)
APPLICABILITY TO SUPPRESSION MOTIONS
Although collateral estoppel in a criminal case usually involves elements of crimes (Ashe v Swenson, 397 US 436, supra) there is no reason in logic or law to except suppression issues from the doctrine. (See 46 S Cal L Rev 922, 957-959.) The unnecessary relitigation of suppression issues, especially where this would involve the repetition of an evidentiary hearing, has long been disfavored (see People v Bryant, 37 NY2d 208; People v Garrow, 52 AD2d 982; People v Reingold, 44 AD2d 191; People v Buthy, 38 AD2d 10).
The fact pattern in the instant case is similar to that in a recent Federal case concerning a habeas corpus petition by a State prisoner. In United States ex rel. Di Giangiemo v Regan (528 F2d 1262, cert den 426 US 950) the relator was arrested shortly after riding in a car driven by his codefendant. The car was searched in Queens County, and a gun and stolen jewelry were found. Then burglar’s tools were found in the trunk of the car. The relator and his codefendant were indicted in Queens County for receiving stolen property and possession of a weapon and the relator was indicted in Nassau County for a burglary in which the burglar’s tools were material evidence. The Supreme Court, Queens County found the search of the car to be unlawful, suppressed the gun and jewelry, and dismissed the Queens indictment. Nevertheless, the burglar’s tools were received in evidence at the relator’s burglary trial in Nassau. The United States Court of Appeals for the Second Circuit held that collateral estoppel was not merely appropriate in this case, but constitutionally mandated upon the State of New York in order to protect the relator against a relitigation of the legality of the search. The Second Circuit criticized the holding of the Appellate Division (People v Di Giangiemo, 47 AD2d 661) that the two searches were severable, the Federal court holding that the issues of probable cause were identical. However, the Second Circuit held that the relator was not entitled to Federal habeas corpus *1080 relief because he had not asserted collateral estoppel at his Nassau trial.
The potential applicability of collateral estoppel to suppression motions was implicitly recognized in People v Reisman, 29 NY2d 278, supra). In that case a search and seizure in California of property about to be shipped by air resulted in another search and seizure at an airport in New York. The first search and seizure was found unlawful by a California court for failure to obtain a search warrant. The New York Court of Appeals held that collateral estoppel did not apply because there was a lack of identity of the prosecuting authorities and a lack of identity of issues since the New York search and seizure could be sustained on an independent ground (incident to a lawful arrest) from the California search. The Court of Appeals did not rule out the possibility that collateral estoppel might apply in such a case, assuming the required identities.
Another issue which must be considered in deciding whether collateral estoppel applies to motions to suppress evidence is the problem of whether they involve questions of fact, of law, or both. Collateral estoppel would not apply to a pure question of law (Matter of McGrath v Gold, 36 NY2d 406, supra), but "The question of probable cause is a mixed question of law and fact” (People v Oden, 36 NY2d 382, 384) which is therefore suitable for the applicability of collateral estoppel (People v De Sisto, 27 Misc 2d 217, 241, revd sub nom. People v Lo Cicero, 17 AD2d 31, mod 14 NY2d 374, supra).
A further issue is whether or not an order granting or denying suppression of evidence is a final judgment needed for the invocation of collateral estoppel (Matter of McGrath v Gold, supra). An order denying suppression is interlocutory, but once there is a conviction in the case (as in the instant defendant’s New York County case) it becomes final and is appealable (People v Winslow, 31 AD2d 561; CPL 710.70, subd 2; cf. CPL 450.20, subd 8; CPL 450.50). Of course, if the appeal is successful, and the ruling on the suppression issue is reversed, it will lose its collateral effect (People v Brown, 59 AD2d 928; see, also, United States v Cheung Kin Ping, 555 F2d 1069). Thus we conclude that the order of Scott, J. in New York County denying suppression of the defendant’s statements is, through incorporation in the judgment of conviction, a sufficiently "final” judgment to have collateral effect.
*1081 JURISDICTION
The main thrust of the defendant’s argument in the instant case is that the Supreme Court, New York County, lacked jurisdiction over the suppression issue and therefore its order cannot have collateral effect.
It is clear that collateral estoppel may cause an action or proceeding in one forum to have conclusive effect in a totally different forum (see, e.g., Matter of Levy, 37 NY2d 279, supra; People v Reisman, 29 NY2d 278, supra; People v Litt-Chinitz, Inc., 38 Misc 2d 864). The doctrine of collateral estoppel does not serve to transfer a proceeding to a constitutionally or legally impossible forum; it merely obviates certain proceedings in the second (proper) forum because of the precedence of certain other proceedings in the first forum. Thus, the language of CPL 710.50 relied upon by the defendant, requiring that a motion to suppress evidence be made in the court where the indictment is pending, and such cases as People v Gatti (16 NY2d 251) are immaterial to the question of collateral estoppel. In this case the motion to suppress the weapon charged in the Bronx indictment has, in fact, been made before this court, and will be decided by this court. The issue is whether an evidentiary hearing has been obviated by the hearing in New York County. Therefore, collateral estoppel would still apply, on a cross-county basis.
It is still an essential element of collateral estoppel that the first forum have jurisdiction over the issue which it decided (People v Kelly, 40 AD2d 624; cf. People v Williams, 40 AD2d 586). As a result, some difficulty is created by the following language in Scott, J.’s opinion in the New York County motion to suppress: "Any search of both was permitted as an incident to a lawful arrest limited only to their persons and the area within their immediate control. This was done to disarm the defendant and his companion and to protect the officers and preserve any evidence of a crime.”
The crux of the defendant’s argument is that the Supreme Court, New York County, improperly made a ruling as to the admissibility of the weapon which the defendant states was unrelated to the New York County murder case. This misses the point. Even assuming facts most favorable to the defendant, the above-quoted language would be mere surplusage. The New York County adjudication which is binding in Bronx County is the finding of probable cause to arrest, not the ultimate finding of the admissibility of the weapon, which is to *1082 be decided by this court in Bronx County. It is unquestionable that the issue of probable cause to arrest was properly before the court in New York County because the defendant specifically raised that issue by claiming that his statements relevant to the Manhattan homicide were tainted by the allegedly unlawful Bronx arrest.
With this conceptual problem out of the way, it becomes clear that collateral estoppel is applicable. We now turn to the more troubling issue of whether collateral estoppel can constitutionally be applied against a criminal defendant.
USE AGAINST DEFENDANT
In a criminal case, collateral estoppel is usually used against the prosecution, and there are conflicting authorities as to whether it can be used against defendants, in view of the constitutional rights to confrontation, jury trial, and to have the prosecution prove every element beyond a reasonable doubt. (See, e.g., Ann., 9 ALR3d 203, 241; 69 Col L Rev 515; cf. United States v Cheung Kin Ping, 555 F2d 1069, supra.) There is, however, considerable authority for the theory that collateral estoppel may be used to prevent a criminal defendant from relitigating issues decided by a valid conviction in a prior prosecution because in the first prosecution the defendant was afforded all his constitutional trial rights (United States v Colacurcio, 514 F2d 1) or waived them by a valid plea of guilty (Hernandez-Uribe v United States, 515 F2d 20, cert den 423 US 1057).
In the instant case the constitutional issue is considerably easier to resolve because we are dealing with suppression hearings, which do not involve jury trials or proof of guilt beyond a reasonable doubt and in which "hearsay is admissible to establish any material fact” (CPL 710.60, subd 4; but, see, People v Harrington, 70 Misc 2d 303; 5 Zett, NY Crim Prac 89, n 3 [1977 Supp]), although ihe defendant has the right to be present at an evidentiary hearing (People v Anderson, 16 NY2d 282). Based upon these differences between a suppression hearing and a trial, and the fact that all the defendant’s constitutional rights were protected, in any event, at the New York County hearing, this court concludes that this defendant has no constitutional right to have the suppression hearing conducted all over again in Bronx County. Collateral estoppel may be applied against a criminal defendant with respect to a suppression hearing, and we need not and do *1083 not decide whether the doctrine applies against a defendant with respect to any other issues.
CONCLUSION
This court finds that the findings of the Supreme Court, New York County (Scott, J.), in a decision rendered June 21, 1977 in Indictment No. 1856/76, that probable cause existed for the arrest of the defendant on May 11, 1976, is conclusive. This court finds, therefore, that a handgun seized from this defendant at the time of that arrest will be admissible at the defendant’s trial in Bronx County on Indictment No. 1342/76, charging criminal possession of a weapon.
Accordingly, the defendant’s motion to suppress is denied.