**UNITED STATES of America,**

v.

**Abdullah NEZAJ, a/k/a "Adam Nezaj," Defendant.**

**No. 87 Cr. 0152 (RWS).**

United States District Court, S.D. New York.

Sept. 4; 1987.

Rudolph W. Giuliani, U.S. Atty., S.D. N.Y., New York City, for U.S.; Deirdre M. Daly, Asst. U.S. Atty., of counsel.

Joseph R. Benfante, P.C., New York City, for defendant; Joseph R. Benfante, of counsel.

## OPINION

SWEET, District Judge.

The government has moved pursuant to Fed.R.Crim.P. 47 to reopen a suppression hearing held on June 25, 1987. By opinion signed July 21, 1987, 666 F.Supp. 494, the court suppressed certain physical evidence including drugs and drug paraphernalia seized in violation of the defendant Abdullah Nezaj's ("Nezaj") constitutional rights. The government seeks to reopen the hearing in order to present evidence it chose not to present to the court on the 25th. The government requested argument on the motion to reopen the hearing to which Nezaj did not object and which the court granted. Argument was heard on August 7, 1987. For the reasons set forth below, the application to reopen the hearing is denied.

**Timeliness of the Government's Motion**

A threshold issue is the timeliness of the government's motion to reopen the suppression hearing. No specific rule or statute governs the timeliness of the government's motion for reconsideration. Rule 47 simply provides that an application for an order by the court shall be made in writing, and that it shall set forth the relief sought and "shall state the grounds upon which it is made."

In the civil sphere, Civil Rule 3(j) of the United States District Courts for the Southern and Eastern Districts of New York provides:

A notice of motion for reargument shall be served within ten (10) days after the docketing of the court's determination of the original motion....

General Rule 8 of the United States District Courts for the Southern and Eastern Districts of New York provides:

Whenever a procedural question arises which is not covered by the provision of any statute of the United States, or of the Federal Rules of Civil Procedure, or of the Rules of the United States District Courts for the Southern and Eastern Districts of New York, it shall be determined, if possible, by the parallels or analogies furnished by such statutes and rules.

The question of reargument in a criminal case is plainly analogous to reargument in a civil case. Consequently, although the local Criminal Rules do not establish a specific time in which a party must file a Notice of Motion for reargument, General Rule 8 directs that the analogous local civil rule control. Thus, to be timely, the government must have filed its Notice of Motion within ten days after the court's decision was docketed.

Although the decision was signed on July 21, 1987 and copies were made available to counsel in chambers that day, the clerk did not docket the opinion until July 22, 1987. Excluding Saturdays and Sundays in the computation of the period of time allowed by Local Rule 3(j), *see* Fed.R.Civ.P. 6(a), the government's ten days to serve ran on Wednesday, August 5, 1987. Thus, the government's motion, filed on August 3, 1987, is timely.[1]

### The Government's Burden of Proof

 The decision whether to reopen a suppression hearing lies within the discre-

tion of the district court. *United States v. Tzakis*, 736 F.2d 867 (2d Cir.1984). Among the factors the court will consider is whether the moving party has proffered newly discovered evidence that was unknown to the party, and could not through due diligence reasonably have been discovered by the party, at the time of the original hearing. *United States v. Oates*, 445 F.Supp. 351, 353 and n. 2 (E.D.N.Y.), *aff'd without op.* 591 F.2d 1332 (2d Cir.1978); *see also United States v. Tzakis*, 736 F.2d at 872 (denying motion to reopen for defendant's failure to adduce "any significant, new factual matters that would have been developed at such a hearing"); *United States v. Oliver*, 626 F.2d 254, 260 (2d Cir.1980) (motion to reopen denied on grounds that "no new evidence was offered in support of the motion"); *United States v. Quiroz-Carrasco*, 565 F.2d 1328 (5th Cir.1978) (trial court acted within its discretion in refusing to reopen matter of suppression of evidence to hear additional evidence that could have been presented at previous hearing).

Competing interests are at stake in any decision to reopen a matter already settled. On the one hand, as Chief Judge Lumbard wrote in *United States v. Tucker*, 380 F.2d 206, 214 (2d Cir.1967), the "government ought to be permitted considerable latitude as long as the defendant is not then in jeopardy, and vague notions of unfairness, that the government should not have 'two bites' off the same apple, ought not con-

---

1. The Ninth Circuit has held that motions for reconsideration brought by the government in criminal cases, concerning matters on which the government could appeal under 18 U.S.C. § 3731 (1982), are timely if filed within thirty days. *See In re Kiefaber*, 774 F.2d 969, 973–74 (9th Cir.1985); *United States v. Jones*, 608 F.2d 386, 390 (9th Cir.1979); *United States v. Campbell*, 627 F.Supp. 320, 323 (D. Alaska 1985), *aff'd without op.* 810 F.2d 206 (9th Cir.1987). The Ninth Circuit rests it rule on language in *United States v. Healy*, 376 U.S. 75, 84 S.Ct. 553, 11 L.Ed.2d 527 (1964), that implies the timeliness of a rehearing petition filed within the original period for review—that is, thirty days under 18 U.S.C. § 3731. *United States v. Healy*, 376 U.S. at 78, 84 S.Ct. at 555. The issue in *Healy*, however, was whether the filing of a petition for rehearing by the government in a criminal case extends the time for appeal. In holding that such a filing did extend the time for appeal, the

Supreme Court did not consider, and thus did not foreclose, the possibility that the district courts might promulgate local rules fixing with certainty the number of days in which a motion for rehearing must be filed in order to be timely. The Southern and Eastern Districts of New York did precisely that when they adopted Local Rule 3(j) which became effective October 26, 1983. Particularly in light of the federal government's manifest interest in the expeditious and fair processing of criminal trials, *see* The Speedy Trial Act of 1984, 18 U.S.C. § 3163 *et seq.*, the time for filing a motion to reopen a hearing in a criminal case should not be greater than that provided in civil cases. For these reasons, the court declines to follow the reasoning of the Ninth Circuit and holds that the timeliness of motions for rehearing in criminal cases will be measured according to the analogous civil rule.

trol." On the other hand, the need for finality in judicial rulings during the course of a single case (sometimes referred to as the "law of the case" doctrine) weighs against reopening issues once decided. The interest in finality is no less compelling when the government is the party moving for reargument.

Turning to the facts of this case, four arguably distinct searches took place on February 6, 1987 at 4601 Henry Hudson Parkway. The first search occurred when agents of the Drug Enforcement Agency ("DEA") broke down Nezaj's front door with a sledge-hammer. The opinion of July 21 found this first search illegal. At the time, the government did not contest Nezaj's contention that the physical evidence in question was the fruit of the first search, which is the primary legal issue that it now wishes to reopen.

The second search was made by members of the New York Police Department's Emergency Services Unit ("Emergency Services Unit") when, after Nezaj surrendered and was placed under arrest, they made a security sweep of the apartments. As noted in the July 21 opinion, assuming that the entry to arrest Nezaj when he was surrendering was lawful, the officers were entitled under the law of this Circuit to make a security sweep and seize any evidence in plain view. 666 F.Supp. at 501. At the June 25 hearing, the government adduced no evidence that the Emergency Services Unit either saw or seized any evidence in plain view. During the August 7, 1987 argument on the motion to reopen the suppression hearing, the government's proffer as to "new" evidence did not include a representation that the government would offer evidence that the Emergency Services Unit had seized evidence.

The third search was conducted by the New York City Police Department's Crime Scene Unit ("Crime Scene Unit") when it entered 4601 Henry Hudson Parkway sometime after the post-arrest sweep by the Emergency Services Unit. As the July 21 opinion pointed out, after a legitimate security check, a warrant must be obtained before there is a more extensive search. Here there was no warrant for the third search, and the government has not submitted any legal or factual grounds on which the court can determine the legality of this search. According to Agent Blahato's affidavit, which was a part of the record at the initial hearing, pursuant to the third search members of the Crime Scene Unit discovered heroin, a scale, guns and ammunition. At argument on August 7, the government proffered that its new evidence would show that some evidence was in plain view during this third search. The fourth search occurred some seven hours later when, pursuant to a warrant obtained on the basis of what was observed during the third search, the evidence discovered by members of the Crime Scene Unit was seized.

■ Assuming *arguendo* that the government is correct that the second search is legal because the intervening act of the shooting legitimizes the officers' second search (the security sweep), the question becomes what the officers of the Emergency Services Unit found and seized during that second search. As to this issue, the government has stated in its memorandum of law that "some evidence found in apartment A–8 and the crawl space was in plain view, and therefore, was lawfully seized during the security sweep." The government has not, however, referred to any discussions it has had with members of the Emergency Services Unit that would support this statement. Indeed, it does not appear from the government's papers that it has even contacted the officers who conducted the security sweep.[2] Furthermore, the government's unsupported proffer as to "new" evidence directly contradicts the prior testimony of Agent Blahato that Crime Scene Unit officers "discovered plastic bags filled with tannish-white powder, an Ohaus scale, guns, and ammunition"

---

**2.** In paragraph 6 of the Assistant United States Attorney's affidavit, the AUSA refers to conversations with Detective James Sullivan of the Crime Scene Unit and Agent Dave Horan of the DEA, neither of whom are alleged to have been present during the security sweep conducted by the Emergency Services Unit.

pursuant to "their efforts to reconstruct the shooting."

The government has stated that because of an oversight it neglected at the previous hearing to "argue that any evidence was admissible as part of a valid security check." By failing to produce any evidence based on discussions with the officers who actually performed the security check, the government has hardly corrected its error. Nor has the government offered any theory on either legal or factual grounds that would establish the right of the Crime Scene Unit to be in Nezaj's apartment without a warrant. Further, the government has not indicated that it has discovered any new evidence that was not available at the time of the prior hearing. The government has failed to meet its burden of demonstrating that it would be in the interest of justice to reopen the suppression hearing.

At another stage of the case, the government sought and received a stay of what it considered an unfavorable bail decision pending its appeal to the Circuit. However, having received the stay, the government turned part of the case over to state authorities who promptly filed a detainer against Nezaj. The government has recently filed a *nolle prosequi* requesting dismissal of the segment of the federal case that it had arranged to be indicted in state court.

■ This background has established a pattern of changing position by the government, and now it seeks a second crack at a suppression hearing, to raise new issues of law and to present facts that were known to it at the time of the initial hearing through additional witnesses who were available to the government at the time of the hearing. In its memorandum of law, the government has attempted to raise a third legal argument for the admissibility of the suppressed evidence on inevitable discovery grounds. To address this argument would effectively reopen the suppression hearing by reaching the merits of a legal issue that the government chose not to raise at the prior hearing. The government's decision gave it the strategic advantage of having the court focus exclusively on the legality under the Supreme Court's decision in *Steagald v. United States*, 451 U.S. 204, 101 S.Ct. 1642, 68 L.Ed.2d 38 (1981), of the initial entry into Nezaj's home. That the government's argument did not prevail is not sufficient reason to reopen the hearing to allow the government to make an alternate argument on inevitable discovery grounds.[3] Thus, having decided that the government has not met its burden for reopening the suppression hearing at this time, the government's argument based on the inevitable discovery doctrine will not now be considered.

However, with Judge Lumbard's warning in *Tucker*, 380 F.2d at 214, in mind, the government will be given one more, hopefully final, opportunity to submit any additional evidence with respect to what have been delineated the second and third searchs upon which the requested hearing might be required. For the reasons stated above, the government's motion to reopen the hearing held on June 25, 1987 is denied with leave granted to supplement the record.

IT IS SO ORDERED.

---

**3.** Although not binding on this court, recent opinions by the New York Court of Appeals evince an unwillingness to permit the government to reopen suppression hearings after a full and fair opportunity to establish the admissibility of seized evidence. Thus, in *People v. Havelka*, 45 N.Y.2d 636, 643, 412 N.Y.S.2d 345, 384 N.E.2d 1269 (1978), Judge Wachtler wrote " '[t]here is no justification ... to afford the People a second chance to succeed where once they had tried and failed.' " (quoting *People v. Bryant*, 37 N.Y.2d 208, 211, 371 N.Y.S.2d 881, 333 N.E.2d 161 (1975). *See also People v. Crandall*, 69 N.Y.2d 459, 467, 515 N.Y.S.2d 745, 508 N.E.2d 657 (1987) (government should be limited to "one fair full opportunity to establish the admissibility of the seized evidence").