■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID A. NICHOLAS, Appellant.—Judgment unanimously affirmed. Memorandum: By failing to move to suppress the items seized from the vehicle defendant was driving, defendant has failed to preserve the issue of an illegal search for review (CPL 710.70 [3]). We cannot conclude that defendant was denied the effective assistance of counsel merely because his attorney did not make a suppression motion. Defendant had sought suppression of those items in a prosecution in Onondaga County and, after a full hearing at which defendant testified, suppression was denied. No appeal was taken from denial of that motion. Therefore, it was reasonable for defense counsel to conclude that he was prevented by the doctrine of collateral estoppel from relitigating the issue *(see, People v Plevy,* 52 NY2d 58; *People v Scott,* 93 Misc 2d 1074). Upon our review of the record, we conclude that the convictions for burglary in the second degree are supported by sufficient evidence. We have examined the remaining issues raised in both counsel's brief and defendant's *pro se* brief and find them to be lacking in merit. (Appeal from judgment of Oswego County Court, Auser, J.—burglary, second degree.) Present— Callahan, J. P., Doerr, Denman, Green and Balio, JJ.